UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*************************************
Eric Kratzenberg,                    *
                                     *
      Plaintiff,                 *
v.                                   *    No. 24-cv-205-JL-TSM
                                     *
N.H. Supreme Court, et al.,          *
                                     *
      Defendants.                *
                                     *
*************************************

## OBJECTION TO PLAINTIFF'S EMERGENCY MOTION FOR DEFAULT

The New Hampshire Supreme Court and Chief Justice Gordon J. MacDonald ("the defendants"), by and through the Office of the New Hampshire Attorney General, object to plaintiff's emergency motion for default, stating the following as grounds:

### Background

1. Plaintiff filed an emergency motion for default on September 16, 2024. In that motion, he alleges that "[o]n 19 August 2024 a Merrimack County deput[y] sheriff served IN HAND both Defendants with a copy of the summons and the pleadings." ECF Doc. No. 8, ¶2. He alleges that, since "more than twenty-one days have elapsed since the said September [sic] 19th service," this Court should "immediately default the Defendants for their nonrepentant and negligent failure to timely file with the Court the required response." ECF Doc. No. 8 at 1-2.

2. Plaintiff filed a return of service document on September 3, 2024. ECF Doc. No. 5. Contrary to plaintiff's assertions in this motion, the deputy sheriff swears to have personally served a summons upon a court assistant, Stephanie Schiller, on August 19, 2024. *Id.* Nothing in the return of service form explains why personal service upon a court assistant suffices as to service upon either the NH Supreme Court or as to Chief Justice Gordon MacDonald. For

example, the form does not state that this court assistant was designated by law to accept service of process on behalf of the New Hampshire Supreme Court. *Id.* The form does not explain why or how service upon a court assistant satisfied personal service upon the Chief Justice. *Id.*

3. On September 13, 2024, defendants filed a motion to extend the deadline to answer or otherwise plead. ECF Doc. No. 7. In the motion, defendants requested that the Court only require defendants to respond to the complaint after the Court completes its preliminary review pursuant to Local Rule 4.3(d)(3). *Id.* The Court has not yet ruled on that motion.

4. On September 17, 2024, defendants filed a waiver of service of summons. ECF Doc. No. 10.

**Discussion**

5. Defendants respectfully request that the Court deny plaintiff's motion for default because: (1) defendants are not required to file a responsive pleading while the Court is in the process of preliminary review, or, at the very least, while there is a pending motion seeking to extend defendants' deadline to respond on that basis; and (2) the current deadline to respond, even if the court does not grant defendants' motion to extend, is not until November 18, 2024.

6. The court has broad discretion as to whether to grant a motion for default. *Wells Fargo Bank, Nat'l Ass'n v. Moskoff*, No. 17-cv-136-JL, 2017 U.S. Dist. LEXIS 233788, at *2-3 (D.N.H. Nov. 14, 2017). "[C]ourts strongly favor resolution of disputes on their merits," and a default judgment is usually only available "when the adversary process has been halted because of an essentially unresponsive party." *United States v. Gant*, 268 F. Supp. 2d 29, 32 (D.D.C. 2003).

7. As set forth in defendants' pending motion to extend, defendants are seeking clarify as to "whether the defendants' answer deadline is triggered by virtue of service... or if the

time to answer or otherwise plead runs from the time the Magistrate Judge completes preliminary review." ECF Doc. No. 7 ¶5. In their motion, defendants noted that it does not make practical sense to answer prior to preliminary review, since "the review has the potential to dictate whether this lawsuit will proceed and, if so, whether an amended pleading will be necessary, thus restarting any answer deadline." See ECF Doc. No. 7. Defendants therefore filed their motion with the court to extend the deadline until thirty days after the completion of preliminary review or thirty days after plaintiff files an amended complaint. ECF Doc. No. 7. Far from being unresponsive, defendants have filed a motion with the Court, to which they are awaiting a ruling. While this motion to extend is pending, the Court should not grant plaintiff's motion for default.

8.  Second, even if the Court denies defendants' motion to extend, defendants' answer or responsive pleading is not yet due. Defendants' deadline to file a responsive pleading was only triggered upon their filing of the waiver of service on September 17, 2024, and therefore, their responsive pleading deadline is November 18, 2024. Contrary to plaintiff's assertions in his motion for default, plaintiff failed to properly effectuate service pursuant to Fed. R. Civ. P. 4 in August 2024. In the return of service he filed on September 3, 2024, plaintiff personally served a court assistant. ECF Doc. No. 5. In doing so, he failed to follow the procedural rules for serving an individual or for serving a governmental organization. *See* Fed. R. Civ. P. 4(e); (j)(2). Where there is even a dispute as to the effectiveness of process, doubt should favor trial on the merits where there is no prejudice to plaintiff. *See O'Callaghan v. Sifre*, 242 F.R.D. 69, 2007 U.S. Dist. LEXIS 25237 (S.D.N.Y. 2007). Despite the "emergency" language in the title of plaintiff's motion, plaintiff fails to plead that he would be prejudiced by an extension of defendants' deadline.

WHEREFORE, the defendants respectfully request that this Honorable Court:

A. Deny plaintiff's motion for default; and

B. Grant such further relief as the Court deems just and proper.

                        Respectfully submitted,

                        The New Hampshire Supreme Court and Chief Justice Gordon MacDonald

                        By their attorney,

                        JOHN M. FORMELLA
                        ATTORNEY GENERAL

Dated: September 30, 2024        /s/ *Christopher G. Bond*
                        Christopher G. Bond, No. 20161
                        Associate Attorney General
                        N.H. Department of Justice
                        1 Granite Place – South
                        Concord, NH 03301
                        (603) 271-3650
                        Christopher.g.bond@doj.nh.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all parties via the Court's electronic filing system.

                        /s/ *Christopher G. Bond*
                        Christopher G. Bond