**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| ERIC KRATZENBERG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEW HAMPSHIRE SUPREME COURT *et al*., ) <br> ) <br> Defendants. ) | Case No.: 24-cv-00205-JL-TSM |

## MOTION TO DISMISS

NOW COME the Defendants, the New Hampshire Supreme Court (the "Supreme Court") and the Honorable Gordon J. MacDonald, in his official capacity as the Chief Justice of the Supreme Court (the "Chief Justice") (collectively, the "Defendants"), by and through their attorneys, the Office of the Attorney General of the State of New Hampshire, and pursuant to Fed. R. Civ. P. 12(b)(1) and (6), hereby request this Court to dismiss the Complaint filed by the Plaintiff, Eric Kratzenberg (the "Plaintiff"), in its entirety and without leave to amend, and in support thereof, state as follows:

1. This is a federal case brought by an aggrieved *pro se* litigant who asks this Court to step in and change the outcome of his efforts to avoid his monthly alimony payments to his former spouse.

2. Specifically, the Plaintiff alleges that he petitioned the New Hampshire Circuit Court (the "Circuit Court") for, among other things, the termination of his continuing alimony obligation to his former spouse. The Circuit Court denied the Plaintiff's request, so he appealed this decision to the Supreme Court.

1

3. Because this appeal was a non-mandatory appeal, the Supreme Court had the discretion to accept or decline appellate review. Ultimately, the Supreme Court declined review of the Plaintiff's appeal.

4. The gravamen of the Plaintiff's Complaint now before this Court is that the Supreme Court's decision to decline review of his non-mandatory appeal amounts to a violation of his constitutional rights. He also challenges the constitutionality of a New Hampshire statute and makes supplementary claims under state law. In light of these allegations, the Plaintiff claims that he is entitled to declaratory and injunctive relief together with an award of damages from the Defendants.

5. As further explained in the Memorandum of Law contemporaneously filed herewith, this Court should dismiss the Complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Even if this Court were to conclude that it has jurisdiction, the Complaint should nevertheless be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief because the Defendants are entitled to both sovereign immunity and absolute judicial immunity.

6. Accordingly, the Complaint must be dismissed in its entirety without leave to amend.

WHEREFORE, the Defendants respectfully request this Court to grant their Motion to Dismiss and order as follows:

A. That the Complaint shall be dismissed without leave to amend for want of subject-matter jurisdiction;

B. Alternatively, that the Complaint shall be dismissed with prejudice and without leave to amend for failure to state a claim for relief; and

C.   For such other and further relief as this Court deems just and proper.

Respectfully submitted,

THE NEW HAMPSHIRE SUPREME COURT
and THE HONORABLE CHIEF JUSTICE
GORDON J. MACDONALD

By their attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: November 1, 2024   /s/ Christopher G. Bond
Christopher G. Bond, Esq., Bar No. 20161
Associate Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-3650
christopher.g.bond@doj.nh.gov

## CERTIFICATE OF SERVICE

I, Christopher G. Bond, hereby certify that on this date, I caused a true copy of the foregoing to be served by this Court's electronic filing system to all parties who have entered appearances in this case.

Dated: November 1, 2024   /s/ Christopher G. Bond
Christopher G. Bond, Esq.