UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ERIC KRATZENBERG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 24-cv-00205-JL-TSM ) |
| NEW HAMPSHIRE SUPREME COURT *et al.*, | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

NOW COME the Defendants, the New Hampshire Supreme Court (the "Supreme Court") and the Honorable Gordon J. MacDonald, in his official capacity[1] as the Chief Justice of the Supreme Court (the "Chief Justice") (collectively, the "Defendants"), by and through their attorneys, the Office of the Attorney General of the State of New Hampshire, and hereby submit the following Memorandum of Law in support of their Motion to Dismiss.

**I. FACTUAL BACKGROUND**

The Plaintiff's claims arise from a decision by the Supreme Court to decline review of his discretionary appeal from an order entered by the New Hampshire Circuit Court (the "Circuit Court") in a post-divorce domestic relations matter. Compl. ¶ 1. As alleged in his Complaint, the Plaintiff petitioned the Circuit Court for, among other things, the termination of his continuing alimony obligation to his former spouse. *Id.* at ¶¶ 10, 18-19. While the Circuit Court ordered that the Plaintiff's alimony obligation be suspended during his temporary economic "setbacks," it

---

[1] In one location in the Complaint, the Plaintiff indicates he is bringing suit against the Chief Justice in his individual and official capacities. Compl. ¶ 13. In all others, he refers only to the Chief Justice in his official capacity.

refused to terminate his obligation to pay alimony going forward. *Id.* at ¶ 10. Thereafter, on or about January 16, 2024, the Plaintiff appealed this decision to the Supreme Court. *Id.* at ¶ 19.

The Plaintiff alleges that this appeal was a "mandatory appeal" under N.H. Sup. Ct. R. 7(1)(A) that the Supreme Court was compelled to decide on the merits. *Id.* at ¶¶ 20-21. However, given the fact that the Plaintiff's appeal was from a final decision on the merits in a post-divorce domestic relations matter, it is categorically excluded from the definition of the term "mandatory appeal" under N.H. Sup. Ct. R. 3. *Id.* at ¶ 20. Stated differently, the Plaintiff's appeal was a discretionary appeal under the Supreme Court's Rules that it "may, in its discretion, decline to accept." N.H. Sup. Ct. R. 7(1)(B). By way of its Order dated February 20, 2024, the Supreme Court informed the Plaintiff that his appeal will be treated as a discretionary appeal and invited him to file a notice of discretionary appeal form before it determined whether to accept or decline his appeal. Order, *In re Kratzenberg*, No. 2024-0034 (N.H. Feb. 20, 2024).[2] Unlike the notice of mandatory appeal form, the notice of discretionary appeal instructs appellants to explain the reasons why the issues on appeal should be accepted for review. *See id.*

Rather than filing a notice of discretionary appeal form, the Plaintiff attempted to convince the Supreme Court that his appeal was a mandatory appeal. Compl. ¶¶ 19-20. Unpersuaded by the Plaintiff's arguments, the Supreme Court ultimately declined to hear his discretionary appeal. *Id.* at ¶ 20.

On or about July 9, 2024, the Plaintiff filed suit against the Defendants, generally alleging in a conclusory fashion that the Supreme Court's decision to decline review of his discretionary appeal amounts to a violation of his constitutional rights. At Count I, the Plaintiff asserts a claim under 42 U.S.C. § 1983 for the alleged depravation of his rights secured by the First, Fourth, and

---

[2] A true and accurate copy of the New Hampshire Supreme Court's Order entered in connection with the Plaintiff's discretionary appeal on February 20, 2024 is attached hereto as Exhibit A.

Fourteenth Amendments to the United States Constitution. *Id.* at ¶¶ 17-26. In Count II, the Plaintiff contends that his alimony obligation amounts to an unlawful taking without just compensation. *Id.* at ¶ 28. By way of Count III, the Plaintiff makes a supplemental claim that the calculation of his alimony obligation under the law that was in effect at the time of his divorce in 2022, as opposed to the law in effect at the time of his marriage in 2004, violates the prohibition on retrospective laws under Article 23 of the New Hampshire Constitution. *Id.* at ¶¶ 30-31. Finally, in Count IV, the Plaintiff makes an additional supplemental claim that the payment of the filing fee for his discretionary appeal was a contract for "appellate services" that the Defendants breached. *Id.* ¶ 33. In light of these allegations, the Plaintiff claims that he is entitled to declaratory and injunctive relief together with damages from the Defendants. *Id.*

## II.  ARGUMENT

As discussed herein, the Complaint should be dismissed in its entirety because this Court lacks subject matter jurisdiction over the Plaintiff's federal claims under the *Rooker-Feldman* doctrine. Irrespective of *Rooker-Feldman*, this Court still must dismiss the Plaintiff's claims because the Defendants are shielded by the doctrine of sovereign immunity. Finally, even if this Court were to consider the merits of the Complaint, it should still be dismissed because the Plaintiff's claims are barred by the doctrine of absolute judicial immunity. Because none of the Plaintiff's federal claims survive, the court cannot exercise supplemental jurisdiction over his state law claims.

**A.  THE PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT-MATTER JURISDICTION.**

Before this Court may consider the merits of the Plaintiff's claims, which are addressed in Part B below, it must first consider the Defendant's challenge to its subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Acosta-Ramírez v. Banco Popular de P.R.*, 712 F.3d 14, 18 (1st Cir.

2013). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). Accordingly, the "party seeking to invoke the jurisdiction of a federal court [*i.e.*, the Plaintiff] must bear the burden of demonstrating the existence of such jurisdiction." *Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017).

In determining whether dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate at the motion-to-dismiss stage, this Court accepts the truth of all well-plead allegations and draws all reasonable inferences therefrom in the Plaintiff's favor. *Marasco & Nesselbush, LLC v. Collins*, 6 F.4th 150, 166 (1st Cir. 2021). This inquiry is not limited to the pleadings, however, as this Court may also consider the documents referenced in the Complaint and matters that are capable of judicial notice, *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002), such as the underlying Circuit Court action and the Plaintiff's discretionary appeal to the Supreme Court, *see Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."). If these facts do not support a finding of federal subject-matter jurisdiction, then dismissal under Fed. R. Civ. P. 12(b)(1) at the pleading stage is warranted. *Gordo-González*, 873 F.3d at 35.

Under this standard, the Plaintiff's Complaint suffers from a fatal jurisdictional defect that serves as a basis for dismissal for lack of subject-matter jurisdiction. As such, the Complaint should be dismissed without leave to amend.

> 1. **This Court Lacks Subject-Matter Jurisdiction Over the Plaintiff's Claims Under the *Rooker-Feldman* Doctrine.**

Under the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction to review "cases brought by state-court losers complaining of injuries caused by state-court

4

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Indeed, the only federal court with jurisdiction to review a decision from a State's highest court is the Supreme Court of the United States. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983). The jurisdictional bar of the *Rooker-Feldman* doctrine applies regardless of whether the federal plaintiff's claims were actually litigated or decided in the prior-state court action, *Tyler v. Supreme Judicial Court of Mass.*, 914 F.3d 47, 51 (1st Cir. 2019), and when it does, it operates as a complete bar to federal district court jurisdiction to review challenges to state court decisions, "even if those challenges allege that the state court's action was unconstitutional," *Feldman*, 460 U.S. at 486. "Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Klimowicz v. Deutsche Bank Nat'l Trust Co.*, 907 F.3d 61, 66-67 (2018).

Here, the Plaintiff's allegations make it clear that this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. The Plaintiff lost in the underlying post-divorce domestic relations matter, Compl. ¶ 10, and all of his alleged injuries stem from the Circuit Court's decision relative to his alimony obligation, *id.* at ¶ 19 ("Kratzenberg's petition for appeal to the [Supreme Court] claimed that the Alimony Judgment and the lower court's denial to revise his payments under it was neither fair nor lawful."); *id.* at ¶ 28 ("Kratzenberg is claiming that the enforcement of RSA 458 . . . against him by the NH Court System constitutes an unconstitutional 'taking' of his land and treasure by the state."); *id.* at ¶ 30 ("The district court violated the NH Constitution's Article 23."). Instead of using these constitutional concerns as a reason for the Supreme Court to consider his discretionary appeal, the Plaintiff continued to insist that his appeal was a mandatory appeal. Ultimately, the Supreme Court declined to review the Plaintiff's

5

discretionary appeal, and based on the *Rooker-Feldman* doctrine, he cannot seek further review from this Court, but must appeal in his underlying case to the Supreme Court of the United States, with any argument that his constitutional rights have been violated.

For this reason, this Court lacks subject-matter jurisdiction over the Plaintiff's claims under the *Rooker-Feldman* doctrine. Accordingly, the Complaint must be dismissed in its entirety for want of subject-matter jurisdiction.

**B.    THE PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF BECAUSE THE DEFENDANTS ARE IMMUNE FROM SUIT.**

Even if this Court were to conclude that it has subject-matter jurisdiction to consider the merits of the Plaintiff's claims, the Complaint should nevertheless be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the Plaintiff must allege facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While this Court must draw all reasonable factual inferences in the Plaintiff's favor, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

    **1.    The Defendants are Entitled to Sovereign Immunity.**

Even assuming that the *Rooker-Feldman* doctrine does not apply, which it does, this Court should still dismiss the Complaint for failure to state a claim because the Plaintiff's claims against the Defendants are barred by the doctrine of sovereign immunity as recognized by the Eleventh Amendment.

6

Specifically, the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Long interpreted as an affirmation of state sovereign immunity, the Amendment (despite its literal text) also bars a citizen from bringing a federal court action against his or her own State, including instrumentalities of the state, such as state agencies." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (citation and quotation marks omitted); *see also Poirier v. Mass Dep't of Corr.*, 558 F.3d 92, 97 (1st Cir. 2009) ("States and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). This immunity applies with equal force to bar suits in federal court against a State official acting in his or her official capacity. *Davidson v. Howe*, 749 F.3d 21, 27 (2014).

There are certain exceptions to this doctrine, but the Plaintiff's allegations do not suggest that any of these exceptions apply. An action against a state court judge may lie under 42 U.S.C. § 1983, his first claim, only in the narrowest of circumstances. Generally, only declaratory relief is available against a judge. Even then, it must be prospective, rather than retrospective in nature. As such, declaratory relief is not available for a case that has concluded. *Picciotto v. Zabin*, 399 F. App'x 604, 605 (1st Cir. 2010); *Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021); *see also Miller v. Purpura*, No. JKB-21-3206, 2022 U.S. Dist. LEXIS 139306, at *3 (D. Md. Aug. 3, 2022) ("A complaint seeking a declaration of past wrongdoing by a judge, in contrast to one seeking to halt a present or ongoing violation of federal law, is not a claim for prospective relief, but rather is retrospective in nature; such a complaint is barred by absolute judicial immunity." (cleaned up)). Even though section 1983 does permits claims for injunctive relief against judges acting in their

official capacity, such relief is only permitted where "a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. Here, however, the Plaintiff does not allege that the Defendants violated any declaratory decree or that declaratory relief was unavailable during his post-divorce proceedings before the Circuit Court.

Further, as to Count II, where the Plaintiff has not even invoked section 1983's narrow exception to sovereign immunity, the Defendants are not the appropriate parties to answer challenges to a state statute. It goes without saying that "ordinarily, no 'case or controversy' exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute. Judges sit as arbiters without a personal or institutional stake on either side of the constitutional controversy." *In re Justs. of Supreme Ct. of Puerto Rico*, 695 F.2d 17, 21 (1st Cir. 1982) (holding judges were not proper party defendants in section 1983 actions challenging the constitutionality of state statutes); *accord Lindke v. Tomlinson*, 31 F.4th 487, 492 (6th Cir. 2022) (holding that a judge "is not the plaintiff's adversary" where the plaintiff challenges a statute, and therefore a complaint against a judge "should be dismissed for failure to state a claim on which relief can be granted") (collecting cases from other circuits all holding the same).

Consequently, the Plaintiff's claims against the Supreme Court and the Chief Justice are barred by the doctrine of sovereign immunity. As such, this Court should dismiss the Plaintiff's claims against the Supreme Court and the Chief Justice for failure to state a claim on which relief can be granted.

    **2.**    **The Defendants are Entitled to Absolute Judicial Immunity.**

The Complaint must also be dismissed for failure to state a claim because the Plaintiff's claims are barred by the well-settled doctrine of absolute judicial immunity. As noted by the United States Supreme Court over one hundred years ago, the doctrine of absolute judicial

8

immunity "has been the settled doctrine of the English courts for many centuries, and has never been denied . . . in the courts of this country." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Indeed, "it is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (holding that a state judge performing an adjudicatory function is immune from action under section 1983 seeking declaratory judgment that the judge's order violated the citizen's constitutional rights). Moreover, "[t]his immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

There can be no dispute that the Defendants are entitled to absolute judicial immunity in this case. All of the Plaintiff's claims against the Defendants stem from their core judicial functions, whether that be through establishing the rules of procedure[3] governing appellate practice before the Supreme Court or the Chief Justice and his colleagues exercising their discretion to accept or decline review of discretionary appeals.

Therefore, the Defendants are shielded from liability in this case under the doctrine of absolute judicial immunity. For this reason, and this reason alone, the Plaintiff has failed to state a cognizable claim for relief. Accordingly, this Court should dismiss the Complaint with prejudice and without leave to amend.

---

[3] When the Judicial Branch exercises the power to promulgate rules, *see, e.g.*, N.H. Const. pt. II, art. 73-a, even if judicial adjudicatory immunity were not available, legislative immunity surely is. *Forrester v. White*, 484 U.S. 219, 228–29 (1988); *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719, 731-37 (1980); *see also Cushing v. Packard*, 30 F.4th 27, 39 (1st Cir.), *cert. denied*, 143 S. Ct. 308 (2022); *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (legislative activities are absolutely immune from a suit brought under 42 U.S.C. § 1983). Neither a legislator nor an adjudicator is the party to answer a constitutional or legal challenge to a rule, but rather the opposing party who seeks enforcement of the rule.

### III. CONCLUSION

In sum, this Court should dismiss the Complaint in its entirety for lack of subject-matter jurisdiction. Even if this Court were to find that his has jurisdiction to consider the merits of the Complaint, the Plaintiff's claims should still be dismissed for failure to state a claim because the Defendant's are entitled to sovereign immunity and absolute judicial immunity. Because the Plaintiff's federal claims must be dismissed, his invocation of supplemental jurisdiction on matters of New Hampshire state law should also fail. Accordingly, the Defendants' Motion to Dismiss should be granted.

                                                   Respectfully submitted,

                                                   THE NEW HAMPSHIRE SUPREME COURT
                                                   and THE HONORABLE JUSTICE GORDON
                                                   J. MACDONALD

                                                 By their attorneys,

                                                 JOHN M. FORMELLA
                                                 ATTORNEY GENERAL

Dated: November 1, 2024                /s/ Christopher G. Bond
                                                 Christopher G. Bond, Esq., Bar No. 20161
                                                 Associate Attorney General
                                                 New Hampshire Department of Justice
                                                 1 Granite Place South
                                                 Concord, NH 03301
                                                 (603) 271-3650
                                                 christopher.g.bond@doj.nh.gov

## CERTIFICATE OF SERVICE

      I, Christopher G. Bond, hereby certify that on this date, I caused a true copy of the foregoing to be served by this Court's electronic filing system to all parties who have entered appearances in this case.

| | |
|---|---|
| Dated: November 1, 2024 | /s/ Christopher G. Bond<br>Christopher G. Bond, Esq. |