UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, *Plaintiff*

V.

GORDON MACDONALD as executive administrative of the

NEW HAMPSHIRE SUPREME COURT, *Defendants*

**22 November 2024**

---

AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE &
COMPENSATORY RELIEF AND FOR A JURY TRIAL

---

1. This is a civil rights action brought by Plaintiff Kratzenberg to protect his First Amendment and other constitutional rights to have an equal opportunity to petition for appellate review to the New Hampshire Supreme Court ("NHSC") — as any other citizen of the State of New Hampshire. — of any decision involving him in the NH trial courts. Currently Defendant Gordon MacDonald is being sued for acting in his role as the chief administrator of the NHSC **FN1** In this said role MacDonald is enforcing a NHSC policy adopted a decade or so ago that discriminates against *pro se* citizens as a class by denying them appellate review as a matter of right. The Defendants are discriminating against groups of citizens by only offering the right of appellate by the NHSC to a select group of individuals.

2. Kratzenberg in 2024 petitioned as a "matter of right" to the Defendant NHSC for an appellate review of a lower court judgment regarding his required payment of alimony to a former spouse ("Alimony Judgment"). He paid a required filing fee to commence his appeal and his payment was accepted by Defendant NHSC. The Defendants later informed Kratzenberg that

---

[1] Article 73-a of the NH Constitution states: "The chief justice of the supreme court shall be the administrative head of all the courts. He shall, with the concurrence of a majority of the supreme court justices, make rules governing the administration of all courts in the state and the practice and procedure to be followed in all such courts. The rules so promulgated shall have the force and effect of law."

as a matter of policy they refused to provide him his sought for appeal. In refusing him his right constitutional right to appeal, the Defendants as a matter of policy refused to return his filing fee, he paid to obtain his appellate review.

3. Kratzenberg is also challenging the constitutionality of the NH divorce statute. He is claiming that the statute as applied to him is wrongly taxing him and discriminating against him for his male sex. Under threat of imprisonment, the state courts are demanding that he pay hundreds of thousands of dollars to his former spouse for a decade after the "no-fault" termination of its marriage contract (Statutory Debt). The Statutory Debt is being imposed on him even though he has committed no court-determined injury upon the former spouse. The Statutory Debt is simply intended as an act of retaliation for Kratzenberg seeking his divorce. Nor is he in any way benefitting from having to pay off this Statutory Debt. The Divorce Statute does not even require that his former spouse provide him any services in reciprocity for his paying her thousands of dollars each month for the better part of a decade.

4. Kratzenberg is also claiming that his marriage contract with the former spouse was entered into by him under his explicit understanding that if he decided to seek a divorce it would be done under the explicit terms of the Divorce Statute active on the date of his entering his said marriage contract. He was already living with his former spouse for an extended period and had fathered a child with it. He did not want to get married. Based on coercion by the former spouse, he read the then active Divorce Statute and then only married the former spouse based on the current version of the Divorce Statute's explicit terms for ending its marriage to the former spouse. It is wrong that the current version of the Divorce Statute was enforced on him in seeking the divorce from his former spouse. This violated of his constitutionally protected right for the state to not trespass on the terms of his marriage contract. It also violated his rights under the NH Constitution that forbids the retroactive enforcement of state statues.

5. Kratzenberg is seeking a Declaratory Judgment stating that —

A. He has an equal constitutionally protected opportunity to seek appellate review from the Defendants as any other citizen of New Hampshire.

B. The NH Divorce Statute is facially unconstitutional and as applied to him specifically.

      C.      That the NH Courts are violated his state and federal constitutional right to have his divorce from his formal spouse under the terms of the version of the Divorce Statute that was active at the time he entered his marriage contract with his former spouse.

      6.      Kratzenberg is seeking a permanent injunction against the Defendants enjoining the Defendants to provide Kratzenberg and all citizens of New Hampshire with an equal opportunity for appellate review.

      7.      Kratzenberg is seeking an award of compensatory relief from the Defendants, a return of the $450.00 that he paid the Defendants for his appellate review of the underlying court's judgment against him.

      8.      The Plaintiff seeks a jury trial.

### Introduction

      9.      It is inconceivable that a NH state court may issue an order requiring a member of the Public who is a working-class man to pay hundreds of thousands of dollars to another without any ability to have an unbiased appellate review of that order to meaningfully challenge at least its constitutionality. The Defendant NHSC a decade ago adopted rules on its own initiative without any Public participation or comment that now refuses its appellate services to certain said categories of lower court decisions. This ban on certain categories of sources of lower court decisions is not based on any statutory or constitutional authority supplied to it. Instead, it is wholly based on its usurpation of authority by the Defendants to deliberately discriminate against certain members of the Public based on their ability or desire to be represented by an attorney.

      10.      The NHSC now only offers a "beggar's banquet" form of relief to the caste of banned appellants. It affords the those whose claims are categorically unappealable a chance to beg the Court to accept their petition for appellate adjudication. The basis for the Court's possible acceptance is completely discretionary and arbitrary but historically is shown to be more likely to be accepted if they are represented by an attorney instead of the appellant appearing *pro se*. On its surface the requirement for discretionary acceptance might be compared to the requirements imposed by 28 USC § 1915 on the indigent seeking to commence civil actions in

the US District Courts without the ability to pay the required filing fee. The key difference is that the federal courts accept all petitions to waive its filing fee and then subject them equally to an expedited review on the merits. **FN2**

11. Kratzenberg paid the required filing fee with the Court. He was required to pay hundreds of dollars for an appeal to then be just denied any opportunity of appeal by the Defendants. Under basic contract law and the state's Uniform Commercial Code, he is entitled to a return of his "application fee" with damages from the Defendants. Yes, his fee payment only got him a refusal by the Defendants to either adjudicate his appeal of the Alimony Judgment on the merits or any other consideration by it for appeal services consistent with its logistic capability to only afford a certain number of appellate reviews. I am not an attorney, and I cannot afford one. Yet being a man that cannot afford the exorbitant fees that any attorney would charge to represent me on the instant appeal, I am still by the Court's said policy supposed to automatically pay a former spouse $300,000 despite my having done her no wrong and not causing her any injury. The NH courts have no difficulty expending its limited resources to incarcerate me for contempt if I have no money to comply with the Alimony Judgment.

12. Upon information and belief, the categories of appeals that are "not appealable" under the Defendants regulations are the most likely to be brought by pro se petitioners and especially ones that are indigent and not able to pay the exorbitant cost of having an attorney represent them on appeal. These non-frivolous appeals are brough by Appellants fighting to keep their home or to prevent themselves being coerced to do a payout of a significant portion of their minimum wages pursuant to the arbitrary demands of the NH divorce statute.

13. Kratzenberg's former marriage constituted an enforceable contract under NH law. Likewise, the Alimony Judgement also constituted a contract between him and the former spouse that was accepted by the Court that in part governed monies to be paid by each of the parties to the other as alimony. At the time of the issuing the Final Judgment. Kratzenberg provided to the former spouse sole ==mortgage-free and wholly unencumbered== ownership of the former family

---

[2] This statute requires more than the indigent petitioner attesting to his poverty by filing an affidavit with the USDC. He must also show that the claims against the putative defendant(s) are not "frivolous." This statute was also adopted by Congress to stem the increasing flow of indigent *pro se* criminal petitioners attempting to commence civil lawsuits in the federal courts.

home with four acres of landscape land that now has an appraised value of about $400,000. The Alimony Judgment under certain circumstances required that he pay an additional $300,000.

14. In 2023, Kratzenberg suffered setbacks that the Alimony Judgment then allowed him not to pay the said additional monies formerly owed under this contract. However, the lower state court in 2023 still issued a judgment requiring him to pay the full amount. It is incontrovertible that Kratzenberg has the constitutionally protected right to have the equal opportunity as any convicted traffic violator for appellate review of a judgement that he either pays $200,000 or goes to jail by a contempt judgment.

15. Kratzenberg is petitioning the Court for a declaratory judgment and injunction that stops the Defendants from enforcing the 2021 and later versions of the Alimony Judgment against him since his marriage contract was only entered into by him in consideration of the NH divorce statute that was active at the time that he entered his said marriage contract. He also is claiming that the current NH divorce statute is facially and as applied to the Alimony Judgement unconstitutional.

### The Parties

16. Plaintiff Eric Kratzenberg is a United States citizen and a nationally respected electrical engineer. His residential address is 85 Condy Road, Peterborough NH 03458.

17. Defendant Gordon Macdonald is being sued in his individual capacity as well as in his official capacity as the chief judge and administrator of the NH Supreme Court. His business address is % NH Supreme Court, 1 Charles Doe Drive, Concord, NH 03301 **FN3**

18. Defendant NH Supreme Court is a NH state office established by Article 72-a of the NH Constitution. **FN4** Its official address is at 1 Charles Doe Drive, Concord, NH 03301.

---

[3] *Ibid*. note 1

[4] Article 72-a of the NH Constitution states: "The judicial power of the state shall be vested in the supreme court, a trial court of general jurisdiction known as the superior court, and such lower courts as the legislature may establish under Article 4th of Part 2."

## Jurisdiction and Standing

19. The Court has jurisdiction to adjudicate Kratzenberg's claims in the instant action pursuant to the Petition Clause of the First & Fourth Amendments and 42 USC § 1983 (Civil Rights Act). His supplementary claims are brought in part pursuant to NH Uniform Commercial Code. Kratzenberg has Article III standing to prosecute his claims before the Court owing to his seeking relief from the real and monetary injuries inflicted on him why the State Defendants pursuant to RSA 382-1 Uniform Commercial Code.

## Kratzenberg's Claims Against the Defendants

COUNT I: Violation of the Fourth and Fourteenth Amendments & First Amendment's Petition Clause and 42 USC § 1983: Kratzenberg's has the constitutionally protected right for the equal opportunity to petition the Defendants for appellate review of the Alimony Judgment.

20. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 19.

21 The Petition Clause of the First Amendment and the Civil Rights Act, 42 USC § 1983, protects the right equal of equal opportunity for every member of the Public to petition state courts *pro se* or without using an attorney to represent them in court proceedings. *Pro se* petitioners are entitled to an equal opportunity to be provided by the Defendant NHSC appellate services and full adjudication of their claims on appeal. This is a claim of first impression to the Court.

22. In 2024, under the protections of the First Amendment Kratzenberg has the protected right to petition the NHSC to challenge the terms of the underlying court's Alimony Judgment. Any injunction issued to enforce a final divorce judgment requiring repeated payments for a decade or more into the future can be challenged at any time in the future when changing circumstances compels a party to petitions a court to challenge his continuing need to make further payments of the same amount. The contractual terms of the Alimony Judgment accepted by the underlying court authorizes Kratzenberg to seek a canceling of further alimony payments upon specific changing conditions. But the underlying court in 2023 denied Kratzenberg's request to lessen his payments under the Alimony Judgment.

23. In 2024, Kratzenberg filed a petition with the NHSC to receive appellate services in his appeal from a lower court's denial of his petition to lower the payments under the Alimony

Judgement ("Kratzenberg's 2024 Appeal").  The Alimony Judgement requires that Kratzenberg pay a former spouse an additional $200,000 over the next ten years. This is in addition to his already giving the former spouse a house free of any required mortgage payments now assessed at close to a half-million dollars and after this former spouse now being gainfully employed with a job that provides a decent wage.  Both of which together provides the former spouse a standard of living equal to what it enjoyed during their former marriage.  Kratzenberg's petition for appeal to the NHSC claimed that the Alimony Judgment and the lower court's denial to revise his payments under it was neither fair nor lawful.  Kratzenberg did not employ any attorney in making his 2024 Appeal to the Defendant NHSC. When he filed his said petition for appeal to the NHSC he concurrently paid the required filing fee. Pursuant to the Defendant NHSC's rule 7 ("Rule 7"), his petition claimed that he was filing his petition as a matter of right under federal and state law. The Defendants accepted his payment unconditionally.

24. The Defendants then rejected Kratzenberg's 2024 Appeal claiming that it did not meet the requirements of its Rule 7. **FN5** In their rejection, the Defendants claimed that Kratzenberg's 2024 Appeal did not meet Rule 7's requirement of it being a "mandatory appeal" as defined by the NHSC Rule 3 ("Rule 3") **FN6** The Defendants classified the Alimony

---

[5] The NHSC's Rule 7(1)(B): "*Other appeals from trial court decisions on the merits.* The supreme court may, in its discretion, decline to accept an appeal, other than a mandatory appeal, or any question raised therein, from a trial court after a decision on the merits, or may summarily dispose of such an appeal, or any question raised therein, as provided in Rule 25. Unless otherwise provided by law or by these rules, an appeal from a trial court decision on the merits other than a mandatory appeal shall be by notice of appeal in the form of notice of appeal approved by the supreme court for the filing of such an appeal ("Notice of Discretionary Appeal" form). Such an appeal shall be filed by the moving party within 30 days from the date on the clerk's written notice of the decision on the merits or, in the case of a sentence imposed in a criminal or juvenile delinquency proceeding, within 30 days of the date the sentence is pronounced."

[6] NHSC's Rule 3: "A mandatory appeal is an appeal … from a final decision on the merits issued by a superior court, district court, probate court, or family division court, Provided, however, that the following appeals are NOT mandatory appeals: … (9) an appeal from a final decision on the merits, other than the first final order, issued in, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A)."

Judgment as a "domestic relations" matter and as such it was categorically rejected for receiving any appellate review services by the Defendants.

25.     The Defendants' Rule 7/Rule 3 has it routinely accepting for its appellate review services any imposed $100 traffic violation fine issued in a lower court. But it rejects for appellate review every "domestic relations" judgment from a lower court even if it orders an individual to pay a million dollars to a former spouse without his doing anything wrong except for his just ending a marriage by mutual agreement with a former spouse. The Defendants adopted this policy only a decade ago and did so without supplying any justification for adopting Rule 7 and Rule 3. Upon information and belief, the Defendants adoption of the said rules was wholly arbitrary and capricious. It was wholly motived by its institutional enmity towards *pro se* petitioners.

26.     The First Amendment's petition clause and 42 USC § 1983 prevents the Defendant NHSC regulatory scheme implemented by Rule 7/Rule 3 that bifurcates the Public into two separate categories for appellate review and then for arbitrary and capricious reasons discriminates against one of these categories by denying them its appellate review services. The only distinction between the membership of these categories is that the rejected class of petitioners is characterized by being mostly *pro se* petitioners that are highly motivated to challenge lower court judgments.

27.     When the Rule 7 & Rule 3 were adopted a decade or so ago by the Defendants, the First Amendment's Petition clause barred them from acting to impose restraints on the Public's equal opportunity to petition the NHSC for appellate services to review underlying court judgments on the merits. The First Amendment does not allow the Defendants to discriminate based on whether a petitioner for its appellate services is not represented by an attorney.

28.     There was no need for the Court to so improperly act in the said unconstitutional and discriminatory manner. The Court can accept all appeals for its adjudication on the merits. It is then also fully capable of employing its logistical authority to restrict its full consideration to just some of the appeals filed with the Court each year. There weas no need for the Court to start

their said discriminatory practice of completely closing the courthouse door to *pro se* petitioners and to keep it open to those paying an attorney to represent them on appeal.

29. In short, the Court imposed a "separate but equal" standard on all future prospective appellees. It separated them into two groups, Those stained by the color of their indigent status so as not to appear able to hire an attorney to represent them. The others are the economically acceptable that hire attorneys to appeal matters of their businesses and important government affairs. The Court then handed out two different keys to the courthouse door on that day. One that went directly to its *cathedra*. This one was handed to the attorneys of the owners of business and holders of office, The one that went to the indigent who did not want to spend their treasure on a shyster but wanted to speak openly and plainly directly to the Court. That key only opened the door to the waiting room to the Court that closes at 4 PM.

30. The Defendants have no statutory or constitutional authority to determine who and who cannot get to petition the court. Only the state's legislature has that constitutional authority.

COUNT II:   *The 2024 NH Divorce Statute Violates the Constitution as Applied to Kratzenberg by Coercing Kratzenberg with the Threat of Imprisonment to Get Him Into Giving Away his Land, Home and Treasure without any Just Compensation, Owed reciprocity from his Former Spouse, and by Its Unlawful Sexual Discrimination Against Him.*

31. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 30.

32. Kratzenberg is claiming that the enforcement of RSA 458 ("NH Divorce Statute") against him by NH Court System constitutes an unconstitutional "taking" of his land and treasure by the state without providing him any benefit from the said loss. His marriage contract was terminated by mutual agreement by the parties of the prospective Appeal. He was not determined by the underlying court of doing anything wrong or causing any injury to his former spouse that its required extraordinary compensation under law. The only reason for the underlying court to order him to give up his home, land, and an additional cash payment of $300,000 is simply that the statute requires him to provide this windfall on his former spouse simply because of the termination of the marriage contract.

34  The Divorce Statute also violates his constitutional right to due process and equal treatment under the law. The NH Constitution protects his constitutional right not to have the current version of the Divorce Statute retroactively enforced against him in obtaining his divorce from his former spouse.

### Supplementary Claims

COUNT III:  *Article 23 of the New Hampshire State Constitution Requires that the state court Only Enforces the 2021 Divorce Statute that was Active on the Date Kratzenberg Entered into His Marriage Contract with the Putative Appellee and Not the Revised Version that Existed in 2022 on the Date of the Alimony Judgement.*

35.  The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 34.

36.  The NH Constitution's Article 23 that prohibits retroactive enforcement of the current version of the Divorce Statute against Kratzenberg in his seeking to terminate the marriage contract between him and his former spouse. A marriage is nothing more than a legal contract between two people. The contract is formed within an inherently contextual reality that provides legal opportunities and burdens on the married affiliates based on prevailing laws at the time and place of the ceremony at which they enter the contract. Kratzenberg and the former spouse entered their marriage contract in consideration of all the laws of the land and in consideration of both the advantages and the burdens of marriage and the burdens placed on them in divorce. One of the most important determinations to their entering the marriage contract was the legal burdens imposed by the current NH divorce statute if they mutually agreed to choose to terminate their marriage contract.

37.  Article 23 protects the right of the Public not to be subject to retrospective enforcement of laws adopted in the future on the enforcement of contractual relationships entered at an earlier date that were dependent on the then existing laws. **FN7** The said marriage contract was entered into on or about 2004. The NH divorce statute codified at RSA 458 (NH Divorce Statute) at that time limited the amount of alimony to be a far lesser burden on me than the current divorce statute now inflicts on me. For example, it only authorizes alimony payments

---

[7] Article 23 states: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses."

only if one of the contract partners is unemployable. **FN8** The current RSA 458 applies an arbitrary formula that imposes a horrific economic burden on any working man that is forced into terminating his marriage contract with any partner who has deliberately refused to be employed or otherwise earn relatively little money to be able to make a meaningful economic contribution to provide for the sustainability of the contractual relationship. If the statutory burdens imposed on me from the termination of my marriage contract was imposed by the 2004 version of the NH Divorce Statute, I would be in a far better situation today to buy a house of my own and top remarry to start a new family to replace the one I lost.

COUNT III:   *The NH Uniform Commercial Code RSA 382-A:101 et seq. Considers it a Breach of Contract for the Defendants to have Charged and Collected its Filing Fee from Kratzenberg without Providing Him the Appellate Services He Purchased from Them.* 14.

38.   The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 37.

39.   The Defendants breached its contract to supply him appellate review services in exchange for its "filing fee." Kratzenberg seeks return of the monies he paid the Defendants as their "filing fee" along with damages.

---

[8] See 2004 RSA 458:19(1)(c): "The party in need is unable to be self-supporting through appropriate employment at a standard of living that meets reasonable needs or is the custodian of a child of the parties whose condition or circumstances make it appropriate that the custodian not seek employment outside the home."

**PRAYER FOR RELIEF**

The Plaintiff is seeking the following request relief from the Court —

I.      For a Declaratory Judgment declaring that the First and Fourteenth Amendments protect Kratzenberg and the Public's equal right and equal opportunity for all members of the Public to appeal to the NHSC all judgments and later orders from a NH family or NH District court eviction proceeding.

.II.     For a Declaratory Judgment declaring the NHSC Rule 7 and Rule 3 facially violate the and as applied to Kratzenberg the First and Fourteenth Amendments of the Constitution.

III.    For an Order permanently enjoining the Defendants from refusing to equally accept the Plaintiff's petition for appeal of his Alimony Judgement and any future petition from him appealing a judgment or action of an underlying state court.

IV.    For an award of compensatory relief of the $450 payment he made to the NHSC to adjudicate his appeal of the lower court judgment.

V.     For an award of any other relief that the Court deems proper.

By:

/s/ Eric Kratzenberg

_____

PO Box 162
85 Condy Road
Peterborough NH 03458
603-320-9019
ekratz314@protonmail.me