UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, as *Plaintiff*

V.

GORDON MACDONALD, *et al.*, as *Defendants*

24 **November 2024**

---

PLAINTIFF'S PETITION TO DENY AS MOOT THE DEFENDANTS' FRCP RULE 12 MOTION TO DISMISS MY CLAIMS AND OTHERWISE MY OPPOSITION TO IT

---

I — Plaintiff Eric Kratzenberg — SPEAKS:

I COMMAND the Court to dismiss as moot the Defendants' motion under FRCP Rule 12 to dismiss the instant action ("Motion to Dismiss"). **FN1** I have concurrently filed an amended complaint pursuant to FRCP Rule 15 as a matter of right. **FN2**

I OPPOSE the Defendants' Motion to Dismiss. It fails to cite any statutory or case authority that is dispositive as to whether the Court can adjudicate my constitutional claims against the Defendants. It is a vexatious act by the NH Attorney General to stop the Court safeguarding my rights under Petition Clause of the First Amendment. The Motion to Dismiss makes false statements. It wrongly claims I am appealing state court rulings and suing judges for making them. I am only asking the Court to enforce my constitutional rights to petition a state court and to review the constitutionality of a state statute. I am concurrently petitioning for oral argument by the parties on the Motion to Dismiss. **FN3**

---

[1] 1 November 2024 Docket Item #13 "Defendants' Motion to Dismiss."

[2] 22 November 2024 Kratzenberg's "Amended Complaint For Declaratory, Injunctive and Compensatory Relief And For A Jury Trial."

[3] 24 November 2024 "Plaintiff's Petition for Oral Argument on Defendants' Motion to Dismiss."

**24 November 2024 Plaintiff's Petition to Strike Defendants' Motion to Dismiss**

The Motion to Dismiss accedes to facts underlying my claims against them —

> "The Plaintiff alleges that this appeal was a "mandatory appeal" under N.H. Sup. Ct. R. 7(1)(A) that the Supreme Court was compelled to decide on the merits. Id. at ¶¶ 20-21. However, given the fact that the Plaintiff's appeal was from a final decision on the merits in a post-divorce domestic relations matter, it is categorically excluded from the definition of the term "mandatory appeal" under N.H. Sup. Ct. R. 3. Id. at ¶ 20. … the Plaintiff's appeal was a discretionary appeal under the Supreme Court's Rules that it "may, in its discretion, decline to accept." N.H. Sup. Ct. R. 7(1)(B). By way of its Order dated February 20, 2024, the Supreme Court informed the Plaintiff that his appeal will be treated as a discretionary appeal and invited him to file a notice of discretionary appeal form before it determined whether to accept or decline his appeal. … Rather than filing a notice of discretionary appeal form, the Plaintiff attempted to convince the Supreme Court that his appeal was a mandatory appeal. … the Supreme Court ultimately declined to hear his discretionary appeal."

The Defendant's concede that I sought an appeal from the NH Supreme Court ("NHSC") as a matter of right which the NHSC summarily refused to accept for consideration after I paid the required "filing" fee of $450. It now improperly refuses to return this filing fee after it refused to accept my appeal. It also concedes that I never petitioned the NHSC for a "discretionary appeal" after the NHSC denied my constitutional right to obtain an appeal by right. The Defendants also agree that the NHSC has adopted an unconstitutional and discriminatory administrative as a formal rule that refuses to accept for appellate consideration of any appeal of a judgment from a NH "family court" or from a NH "housing court."

The Defendants said unlawful discriminatory practices are rooted in its hateful animus towards members of the Public that are personally bringing their appeal to the NHSC without employing a member of the NH Bar Association to represent them. The said discrimination by the NHSC to "pro se" appellants is evidenced by the very category of lawsuits that it denies automatic appellate review. They are the ones known to mostly be brought by *pro se* appellants.

The Defendants Motion to Dismiss wrongly accuses me of bringing claims in the instant action that in some way is prosecuting a NH judicial magistrate personally for wrongly issuing a judgment against me. I am now only challenging the constitutionality of administrative policies of the NHSC and their enforcement by MacDonald as its chief administrator either against me or the Public now and in the future.

I am seeking the return of my $450 filing fee that I paid the Defendants to obtain appellant review as a matter of right. It is consumer fraud to charge me for a service it never

**24 November 2024 Plaintiff's Petition to Strike Defendants' Motion to Dismiss**

delivered. I am properly only seeking declaratory and injunctive relief against the Defendants discriminatory policy refusing to grant equal opportunity of appellate review to ALL members of the Public. This policy is unconstitutional ("Discriminatory Policy").

The most important mandatory and non-discretionary duty of the NHSC is to ensure that state statutes and underlying courts judgments pass constitutional muster. The NHSC's Discriminatory Policy is an open admission that the NHSC refuses to adjudicate as a matter of right claims of unconstitutional enforcement of NH statutes and NH courts administrative actions. A NH low-level district court never adjudicate a defendant's claim that a statute or regulation is unconstitutional. Such claims are only heard upon appellate appeal to the NHSC.

Clearly the Defendants Discriminatory Policy has the NHSC deferring appeals of the constitutionality of selected categories of underlying court judgments to the federal courts. Therefore, it is proper and necessary for the Court to adjudicate my claims of unconstitutional conduct by the Defendants and my claims that NH Divorce Statute is unconstitutional.

## Summary

The Court should deny the Defendants' Motion to Dismiss as moot after I filed an amended complaint against the Defendants. Otherwise, it should be denied on the merits. It fails to cite any statutory or case authority that is dispositive as to whether the Court can adjudicate my constitutional claims against the Defendants. I am only seeking a review of the administrative polices of the NHSC and the constitutionality of the NH Divorce Statute for their constitutional infirmity.

By:
    /s/ Eric Kratzenberg
    _____
    Erick Kratzenberg
    PO Box 162
    Peterborough NH 03458
    603-320-9019
    ekratz314@protonmail.me

CERTIFICATE OF SERVICE: The undersigned hereby certifies that a true copy of the above document was served on the Defendants via ECF.    /s/ Eric Kratzenberg