UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, as *Plaintiff*

V.

GORDON MACDONALD, *et al.*, as *Defendants*

26 **November 2024**

---

PLAINTIFF'S PETITION FOR PARTIAL JUDGMENT ON THE PLEADINGS:
RETURN OF HIS FILING FEE FOR APPELLATE REVIEW

---

I — Plaintiff Eric Kratzenberg — SPEAKS:

I am petitioning the Court under FRCP Rule 12(c) for a partial judgment on the pleadings. I am petitioning the Court to issue an order to the Defendants, the NH Supreme Court (NHSC) and its administrator MacDonald, to immediately refund to me the $225 I previously paid them for an appeal they categorically refused to provide me.

It is not disputed that —

1. NH Supreme Court Rule 29 establishes fees for petitioning the NHSC to commence an appeal stating: "Entry of Appeal or Cross-Appeal $225.00."

2. In the past I attempted to appeal a judgment against me in a divorce proceeding in the family session of a NH District Court.

3. I paid the Defendants, pursuant to Rule 29 of the NH Supreme Court Rules, $225 to commence as a matter of right an appeal of the said NH District Court judgment against me by its family session.

4. The NHSC accepted my payment to them to commence my sought for appeal of right of the judgment against me by the family session of a NH District Court.

5. NHSC Rules 7 & 3 require that NHSC does not accept appeals as a matter of right of any later judgment from the NH District Court's family court session.

**26 November 2024 Plaintiff's Petition for Partial Judgment on the Pleadings**

6. After paying the said filing fee, I received a notice from the NHSC informing me that it was refusing to accept my petition to commence an appeal of the said judgment against me by the family session of a NH District Court.

7. In it's said refusal notice, the NHSC claimed it did not deny my said appeal on the merits but as a categorical enforcement of its policy of NOT accepting any appeal as a matter of right from a later judgment in the family session of any NH District Court.

8. The NHSC clerk's office failed to return my appellate filing fee after it categorically refused to accept my sought for and paid for appeal.

9. I later filed a petition to the NHSC to reconsider its rejection of my said petition for appellate review and the NHSC summarily rejected it without any explanation.

10. In my corrected amended complaint, I raise a claim against the Defendants for unlawfully refusing to return the filing fee I paid them to commence my said appeal of a judgment against me by a family session of a NH District Court.

The Defendants' prior filed Motion to Dismiss has them agreeing to the above allegations of facts —

> "The Plaintiff alleges that this appeal was a "mandatory appeal" under N.H. Sup. Ct. R. 7(1)(A) that the Supreme Court was compelled to decide on the merits. Id. at ¶¶ 20-21. However, given the fact that the Plaintiff's appeal was from a final decision on the merits in a post-divorce domestic relations matter, it is categorically excluded from the definition of the term "mandatory appeal" under N.H. Sup. Ct. R. 3. Id. at ¶ 20. Stated differently, the Plaintiff's appeal was a discretionary appeal under the Supreme Court's Rules that it "may, in its discretion, decline to accept." N.H. Sup. Ct. R. 7(1)(B). By way of its Order dated February 20, 2024, the Supreme Court informed the Plaintiff that his appeal will be treated as a discretionary appeal and invited him to file a notice of discretionary appeal form before it determined whether to accept or decline his appeal. Order, In re Kratzenberg, No. 2024-0034 (N.H. Feb. 20, 2024).2 Unlike the notice of mandatory appeal form, the notice of discretionary appeal instructs appellants to explain the reasons why the issues on appeal should be accepted for review. See id. Rather than filing a notice of discretionary appeal form, the Plaintiff attempted to convince the Supreme Court that his appeal was a mandatory appeal. Compl. ¶¶ 19-20. Unpersuaded by the Plaintiff's arguments, the Supreme Court ultimately declined to hear his discretionary appeal. Id. at ¶ 20."

**26 November 2024 Plaintiff's Petition for Partial Judgment on the Pleadings**

THERFORE, the Court should grant my instant petition to have the Defendants refund to me the $225 I previously paid them for an appeal by right that they categorically denied me under their adopted administrative policy.

## Summary

Based on the undisputed allegations of facts in my pleadings, the Court must order the Defendants to immediately refund to me the $225 filing fee I made to commence an appeal of right of a judgment against me made by a family session of a NH District Court. The Defendants then summarily rejected my sought for appeal without refunding me my filing fee. Since their said refusal is malicious and was done as a deliberate consumer fraud bait and switch scam, the Court should also award me punitive damages against these Defendants.

In support of the instant petition, I will be filing a memorandum of argument and law.

By:

/s/ Eric Kratzenberg
_____
Erick Kratzenberg
PO Box 162
Peterborough NH 03458
603-320-9019
ekratz314@protonmail.me

CERTIFICATE OF SERVICE: The undersigned hereby certifies that a true copy of the above document was served on the Defendants via ECF.   /s/ Eric Kratzenberg