UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ERIC KRATZENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 24-cv-00205-JL-TSM |
| ) | |
| NEW HAMPSHIRE SUPREME COURT *et al*., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS AMENDED COMPLAINT**

NOW COME the Defendants, the New Hampshire Supreme Court (the "Supreme Court") and the Honorable Gordon J. Macdonald, in his official capacity as the Chief Justice of the Supreme Court (the "Chief Justice") (collectively, the "Defendants"), by and through their attorneys, the Office of the Attorney General of the State of New Hampshire, and pursuant to Fed. R. Civ. P. 12(b)(1) and (6), hereby request this Court to dismiss the Amended Complaint filed by the Plaintiff, Eric Kratzenberg (the "Plaintiff"), and in support thereof, state as follows:

1.  This is a federal case brought by an aggrieved *pro se* litigant who asks this Court to step in and change the outcome of his efforts to avoid his monthly alimony payments to his former spouse.

2.  The Defendants filed their Motion to Dismiss the Plaintiff's Complaint on November 1, 2024. Exactly twenty-one days later, on November 22, 2024, the Plaintiff filed his Amended Complaint, which is a carbon copy of the original Complaint in all material respects.

3.  In his Amended Complaint, the Plaintiff alleges that he petitioned the New Hampshire Circuit Court (the "Circuit Court") for, among other things, the termination of his

continuing alimony obligation to his former spouse. The Circuit Court denied the Plaintiff's request, so he appealed this decision to the Supreme Court.

4. Because this appeal was a non-mandatory appeal, the Supreme Court had the discretion to accept or decline appellate review. Ultimately, the Supreme Court declined review of the Plaintiff's appeal.

5. The gravamen of the Plaintiff's Amended Complaint is that the Supreme Court's decision to decline review of his non-mandatory appeal amounts to a violation of his constitutional rights. In light of these allegations, the Plaintiff claims that he is entitled to declaratory and injunctive relief together with damages from the Defendants.

6. As further explained in the Memorandum of Law contemporaneously filed herewith, this Court should dismiss the Amended Complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

7. Even if this Court were to conclude that it has jurisdiction to consider the merits of the Plaintiff's claims, the Amended Complaint should nevertheless be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief because the Defendants are entitled to sovereign immunity and absolute judicial immunity.

WHEREFORE, the Defendants respectfully request this Court to grant their Motion to Dismiss and order as follows:

A. That the Amended Complaint shall be dismissed without leave to amend for want of subject-matter jurisdiction;

B. Alternatively, that the Amended Complaint shall be dismissed with prejudice and without leave to amend for failure to state a claim for relief; and

C. For such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        THE NEW HAMPSHIRE SUPREME COURT
and THE HONORABLE JUSTICE GORDON
J. MACDONALD

        By their attorneys,

        JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: December 2, 2024        /s/ Christopher G. Bond
        Christopher G. Bond, Esq., Bar No. 20161
Associate Attorney General
New Hampshire Department of Justice
Civil Law Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
christopher.g.bond@doj.nh.gov

## CERTIFICATE OF SERVICE

I, Christopher G. Bond, hereby certify that on this date, I caused a true copy of the foregoing to be served by this Court's electronic filing system to all parties who have entered appearances in this case.

Dated: December 2, 2024        /s/ Christopher G. Bond
        Christopher G. Bond, Esq.