UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, as *Plaintiff*

V.

GORDON MACDONALD, *et al.*, as *Defendants*

**23 December 2024**

---

PLAINTIFF'S PETITION TO EXTEND TO 30 DECEMBER 2024 THE DATE TO FILE HIS OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS

---

I — Plaintiff Eric Kratzenberg — SPEAKS:

I COMMAND the Court to extend the deadline to Monday, 30 December 2024 for my filing a formal response to the Defendants' motion to dismiss the claims in my amended complaint ("Motion to Dismiss"). **FN1** I filed my amended complaint pursuant to FRCP Rule 15 as a matter of right. **FN2** I also REPEAT my past petition's COMMAND to be afforded the opportunity for Oral Argument on any motion by the Defendants to summarily dismiss my claims against them. **FN3** Owing to my seasonal commitments, I do not have the time or treasure to file a meaningful opposition to the Motion to Dismiss to 30 December 2024.

Regardless, I OPPOSE the Defendants' Motion to Dismiss. It fails to cite any statutory or case authority that is dispositive as to whether the Court can adjudicate my constitutional claims against the Defendants. It is a vexatious act by the NH Attorney General to stop the Court safeguarding my rights under Petition Clause of the First Amendment. The Second Motion to Dismiss deliberately makes false statements concerning the claims in my Amended Complaint. It wrongly claims I am appealing state court rulings to the Court and suing judges for making

---

[1] 1 November 2024 Docket Item #13 "Defendants' Motion to Dismiss."

[2] 22 November 2024 Kratzenberg's "Amended Complaint For Declaratory, Injunctive and Compensatory Relief And For A Jury Trial."

[3] 24 November 2024 "Plaintiff's Petition for Oral Argument on Defendants' Motion to Dismiss."

**23 December 2024 Plaintiff's Petition to Extend Date to File Opposition to Motion to Dismiss**

them. The TRUTH is that I am only petitioning the Court to enforce my First Amendment right to petition state courts at all levels to review the constitutionality of a state statute under the NH Constitution and the Constitution.

The NH Attorney General's employee (NHAG) deliberately makes false factual statements about my claims against the Defendants and wrongly describes them by maliciously maintaining in their filed memorandum supporting their said motion to dismiss —

> "The Plaintiff alleges that this appeal was a "mandatory appeal" under N.H. Sup. Ct. R. 7(1)(A) that the Supreme Court was compelled to decide on the merits. … Rather than filing a notice of discretionary appeal form, the Plaintiff attempted to convince the Supreme Court that his appeal was a mandatory appeal. Am. Compl. ¶¶ 22-24. Unpersuaded by the Plaintiff's arguments, the Supreme Court ultimately declined to hear his discretionary appeal. … In his Amended Complaint, the Plaintiff alleges, in a conclusory fashion, that the Supreme Court's decision to decline review of his discretionary appeal amounts to a violation of his constitutional rights."

The NHAG is WRONG! I am claiming that I have an equal constitutional right as a *pro se* petitioner to appeal a NH superior court judgment to the NH Supreme Court as anyone else who is represented by a shyster. I am claiming that the Defendants have recently adopted a constitutionally infirmed discriminatory policy (Discriminatory Policy) segregating petitioners into two separate classes based on whether they are represented by shysters or are petitioning that court directly as a citizen. The Defendants adopted this policy about a decade ago and chose to exclude any appeals from categories of state court proceedings that are notoriously known to be brought mostly by pro se appellants.

I DID NOT petition the Defendants for appellate review pursuant to their Discriminatory Policy. Instead in my appellate petition to the NHSC, I REBUKED AND OPPOSED their Discriminatory Policy as unconstitutional and asserted my First Amendment constitutional right to petition the NHSC for appellate review of a NH superior court judgment.

The Defendants opposed and denied my assertion that I — and all NH citizens petitioning courts directly without a shyster — have a First Amendment protected right to petition the NHSC to review the constitutionality of NH statutes and NH court proceedings.

The Defendants said unlawful discriminatory practices are rooted in its generic hateful animus towards all members of the Public that are personally bringing their appeal to the NHSC without employing a member of the NH Bar Association to represent them. The said

**23 December 2024 Plaintiff's Petition to Extend Date to File Opposition to Motion to Dismiss**

discrimination by the NHSC to "pro se" appellants is evidenced by the very category of lawsuits that it denies automatic appellate review. They are the ones known to mostly be brought by *pro se* appellants.

I am properly seeking declaratory and injunctive relief against the Defendants specific Discriminatory Policy refusing to provide appellate review services to pro se members of the Public. This policy is unconstitutional facially and as applied to me personally.

And I am claiming that the Discriminatory Policy is evidence that the Defendants are hostile to all pro se petitioners even when the Defendants offer them appellate services as a "matter of right" pursuant to their Discriminatory Policy. In almost all cases pro se appellants are refused meaningful appellate review and their offered appellate reviews are mostly summarily dismissed without the Defendants providing their full adjudicatory consideration. I am petitioning the Court for it to issue a declaratory judgment that the Defendants are generically hostile to pro se appellants and discriminate against pro se appellants by denying them full adjudicatory services and summarily dismissing their appeals unequally and without requisite equal due process afforded to shysters representing paid clients.

I am also seeking the return of my $450 filing fee that I paid the Defendants to obtain appellant review. It is incontrovertible it made me pay it the filing fee to accept my petition for appellate review services by it. It is incontrovertible that the Defendants committed consumer fraud by charging charge me for a service it never intended to deliver.

**Summary**

The Court should GRANT my sought for extension to next Monday, 23 December 2024, to file my full opposition to the NHAG and the Defendants' pending motion for the Court to summarily dismiss the claims in my Amended Complaint.

By:
/s/ Eric Kratzenberg

_____
Erick Kratzenberg
PO Box 162
Peterborough NH 03458
603-320-9019
ekratz314@protonmail.me

CERTIFICATE OF SERVICE: The undersigned hereby certifies that a true copy of the above document was served on the Defendants via ECF.   /s/ Eric Kratzenberg