UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, as *Plaintiff*

V.

GORDON MACDONALD, *et al*., as *Defendants*

**2 January 2025**

---

PLAINTIFF'S FIRST OPPOSITION TO THE RULE 12 MOTION
OF DEFENDANTS TO DISMISS HIS AMENDED COMPLAINT

---

I — Plaintiff Eric Kratzenberg — SPEAKS ☹

**Introduction**

I OPPOSE the Defendants' Motion to Dismiss Amended Complaint" ("Motion To Dismiss"). **FN1** The Defendants and the NH Attorney General's office are employing the malicious and unethical tactic of misrepresenting my claims to the Court. They only use boiler plate language that generically describe on how pro se claims could be POSSIBLY dismissed and then fraudulently try to maintain that these are my claims. They are not.

After service of the summons, I chose to amend my original complaint. **FN2** I am NOT appealing any judgment from a NH district court or from a judgment by the Defendant NH Supreme Court ("NHSC"). I am bringing an original proceeding that seeks declaratory and injunctive relief against the Defendants for their enforcing administrative rules that categorically denied me in the past and will likely in the future deny me: 1) Any equal opportunity for appellate services from the NHSC owing to my seeking those services without employing a member of the NH Bar Association to "represent" me AND 2) Violate Article XXIII of the

---

[1] Docket #19 2 December 2024, "Defendants' Motion to Dismiss Amended Complaint."

[2] 22 November 2024 Kratzenberg's "Amended Complaint For Declaratory, Injunctive and Compensatory Relief And For A Jury Trial."

**2 January 2025 Plaintiff's First Opposition to Defendants Rule 12 Motion to Dismiss**

NH Constitution prohibiting retroactive enforcement of state statutes AND 3) That the NH Divorce Statute is constitutionally infirmed as applied to men and also imposes punitive payments of monies to a former female spouse that I owe no reparations for past injury nor continued custodial care AND 4) That I am owed by the Defendants a return of the funds I paid them to obtain NHSC appellate services that it knowingly took despite the fact that it had no intention of supplying me any appellate services in the future.

The Declaratory Relief and PROSPECTIVE injunctive relief I seek is to protect my constitutional right to participate in any further regulatory efforts by the Defendants to promulgate administrative rules in the future, in part to ensure they are fair to pro se petitioners to the NHSC for its judicial services.

I am also challenging the NH Divorce Statute ("Divorce Statute") as constitutionally infirmed. I am seeking injunctive and declaratory relief against the Defendants prospective enforcement of this statute against me. I claim that it discriminates against as a male and unlawfully punishes me for seeking the dissolution of my marriage by taxing me to provide a million dollars of welfare payments to my former spouse despite the incontrovertible fact that I committed no injury against it. This taxation is rote based on a simple formula. The statute makes no claim that its said taxation is intended to accomplish some constitutionally allowed benefit to society which it does not. This taxation provides me and my subject class zero benefits. I also claim that it seeks to breech my marriage with any

**Summary of Plaintiff's Claims Against Defendants MacDonald and the NH Supreme Court**

*My Amended Complaint's Count I Allegations of Fact and Sought for Relief.*

1.      The First Count of my Amended Complaint CLAIMS that the Defendants violated my First Amendment right to petition the Court by refusing me any opportunity to petition the NHSC for an appellate review of a lower court's judgment in the divorce proceedings between myself and a former spouse. It is a fact, that federal courts refuse to comply with the Petition Clause of the Forst Amendment. They refuse to recognize that the Public has a constitutional right to petition courts to obtain appellate review services and to otherwise petition district courts to enforce their constitutionally protected rights without any need for statutory authorization.

**2 January 2025 Plaintiff's First Opposition to Defendants Rule 12 Motion to Dismiss**

2.      This NHSC categorically refused to accept my petition for its appellate services simply owing to my p*ro se* status.  Its categorical refusal to provide me appellate services is wholly based on its recently adopted administrative rule ("Discriminatory Rule") that has it only recognizing petitions for appellate review of specific categories of lower court judgments and refusing to provide appellate services to other specific categories of lower court judgments. The sole motivating factor behind the Discriminatory Ruler is whether the petitioners of its favored litigation categories have the personal wealth to hire a member of the NH Bar Association to conduct their appeal and that a category of petitioners is not dominated by pro se petitioners.

3.      The Discriminatory Rule was recently adopted by the NHSC through a process that only relied only on consultation with members of the NH Bar Association. No member of the Public not professionally linked to the NHSC was invited to the party.  In doing so, the NHSC violated my and the general Public's constitutionally protected right of due process and equal treatment under the law right to review and to equally be afforded the opportunity to comment on the NHSC's regulatory process in adopting the Discriminatory Rule.

4.      Predictably, the resulting Discriminatory Rule unlawfully discriminates against petitions of the Public seeking review of categories of lower court judgements that are known to be mostly brought by *pro se* petitioners. This includes evictions from housing and appeals of divorce judgments. The Discriminatory Rule denies an equal opportunity for me and the General Public to have any access to NHSC appellate services.  This invidious discrimination is based on the structural contempt and bigotry towards the general Public direct participation in judicial commerce equally with its shyster minions.

5.      I am seeking a Declaratory Judgment that the Petition Clause of the First Amendment is enforceable against the federal judiciary and the Defendant NHSC. As such I am seeking a declaratory judgment that the Discriminatory Rule is unconstitutional and that I and the General Public have an equal right to successfully petition the NHSC without the use of an attorney for appellate services as the wealthy members of the Public who employ attorneys to represent them on their appeals. I am seeking a permanent injunction against Defendant MacDonald enjoining him and his fellow NHSC judges from enforcing the Discriminatory Rule against me and other members of the General Public in the future AND that any further promulgation of administrative rules by MacDonald and the NHSC must involve the participation of the General

4

Public in making comments about it, including opposition to its adoption, and having equal opportunity to participate as offered shysters and other government employees.

*My Amended Complaint's Count II Claim and Factual Allegations that the NH Divorce Statute is Constitutionally Infirmed as Applied to Men and in Requiring Punitive Payment of Custodial Funds to a Former Female Spouse*

6.      Count II of my Amended Complaint claims that the NH Divorce Statute is unconstitutional as applied to me. It discriminates against me as a male in a divorce proceeding by forcing me to pay a million dollars to my former spouse despite my not having injured it at all and my not having any lawful duty to continually care for it.

7.      I clearly have Article III standing to make this claim and seek the requested relief from the Court. I want to get married again and raise more children in that marriage. But I am being coerced and intimidated by the draconian terms and ruthless punishment imposed by the NH Divorce Statute to enforce the statute's requiring me to possibly pay another million dollars if I and a future spouse agree to have a no-fault divorce.

## Supplemental Claim under State Law

*My Amended Complaint's Count III Claim that the Defendants' Policy of Enforcing the Current Divorce Statute Retroactively on Marriage Contracts Entered into prior to 2015 violates Article XXIII of the NH Constitution*

8.      Count III of my Amended Complaint claims that the NHSC likely future enforcement of the current NH Divorce Statute as controlling in my or anyone else's divorce proceedings violates Article XXIII of the NH Constitution if the marriage contract between individuals was consummated before the current version of the NH Divorce Statute was enacted in 2015. Article 23 prohibits retroactive enforcement of the current version of the NH Divorce Statute against Kratzenberg in his pursuit to terminate his 2009 marriage contract between him and his former spouse.

9.      Article XXIII states —

"Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses."

10.      A marriage is nothing more than a legal contract between two people. The contract is formed within an inherently contextual reality that provides legal opportunities and burdens on

the married affiliates based on prevailing laws at the time and place of the ceremony at which they enter the contract. Kratzenberg and the former spouse entered their marriage contract in 2009 and in consideration of all the laws of the land and in consideration of both the advantages and the burdens of marriage and the burdens placed on them in divorce. One of the most important determinations to their entering the marriage contract was the legal burdens imposed by the current NH divorce statute if they mutually agreed to choose to terminate their marriage contract.

11.     The 2009 marriage contract was breached by the Defendant's NHSC administrative policy of improperly retroactively enforcing the 2015 amended version of the NH Divorce Statute that was not controlling during the commencement of the 2009 Marriage Contract. In so doing the current said administrative policy of the Defendants violates Article XXIII of the Nh State constitution.

*My Amended Complaint's Count IV Claims the Defendants Violated the NH Consumer Protection Act by Defrauding Me in a "Bait and Switch" Scam with a False Promise of Offering Me Appellate Services if I Paid them in Advance for It*

12.     Count IV of my Amended Complaint claims that the Defendants fraudulently took my money from the start without having any intent to provide me appellate services. Doing so it violated the NH consumer protection act. Having breeched the agreement to provide me appellate services, I now seek compensatory damages against the Defendants and see the Court to award me compensatory damages equivalent to the amount of the money I provided the Defendants to get the appellate services that they never provided me.

**The Defendants Motion to Dismiss Only Constitutes Lies and Misrepresentations on My Amended Complaints Claims for Relief**

1.     The Defendants' Motion to Dismiss criminally misrepresents my Amended Complaint as seeking an appeal of the various judgments of state court proceedings related to my 2021divorce. This is a LIE. I am ONLY seeking prospective protection from the Defendants future unconstitutional administrative polices in regards to its: 1) Discriminating in refusing appellate services to pro se petitioners; 2) Enforcing a Divorce Statute that is constitutionally infirmed; 3) Refusing constitutional challenges to statutes and court policies that the NH constitution mandates as its official duty to provide; 4) Retroactive enforcing state statutes in violation of Article XXIII of the NH Constitution;  and  5 Defrauding the Public by charging fees for appellate services that it has no intention to provide.

6

**2 January 2025 Plaintiff's First Opposition to Defendants Rule 12 Motion to Dismiss**

2.	The Defendants are not entitled to sovereign immunity since I am only seeking prospective injunctive relief against its chief administrator to enjoin it from enforcing constitutionally infirmed and otherwise illegal policies. **FN3**

3.	The Defendants are not entitled to absolute immunity since I am only challenging their future enforcement of unconstitutional administrative policies that lie outside the bounds of their constitutional authority.

4.	The Constitution protects my right to seek damages for broken contracts with government agencies. The Defendants charged me for appellate services it then denied me. The Defendants are legally obligated to return the monies it stole from me on the false promise of providing me appellate services.

### Summary

The Court should deny in total the Defendants' Motion to Dismiss. I am seeking np appeal from any past state judgment or proceeding. I am seeking to only protect my constitutionally protected interests from future trespass by the Defendants. I am only challenging the constitutionality of the NHSC administrative policies and seeking prospective injunctive relief against Defendant McDonald acting in his official capacity as the chief administrative official of the Defendant NHSC.  These Defendants are not entitled to any immunity when they have usurped their constitutional authority to lawlessly injure me and the General Public.

The Constitution protects my right to enforce my contracts with the Defendants. They violated their contract to provide me appellate services and I am entitled to receive a monetary award in the amount of the funds I paid them to get the appellate services they subsequently reneged on.

By:

/s/ Eric Kratzenberg

_____
Erick Kratzenberg
PO Box 162
Peterborough NH 03458
603-320-9019
ekratz314@protonmail.me

CERTIFICATE OF SERVICE: The undersigned hereby certifies that a true copy of the above document was served on the Defendants via ECF.    /s/ Eric Kratzenberg

---

3 *Ex parte Young*, 209 U.S. 123 (1908).