UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, as *Plaintiff*

V.

GORDON MACDONALD, *et al.*, as *Defendants*

**19 May 2025**

_____

PLAINTIFF'S OPPOSITION TO THE MAGISTRATE'S REPORT RECOMMENDING THAT THE COURT DISMISS ALL MY CLAIMS AGAINST THE DEFENDANTS

_____

I — Plaintiff Eric Kratzenberg — SPEAKS:

## Introduction

I OPPOSE the Court dismissing the instant action. The magistrate report's ("Magistrate Report") reliance on *Rooker-Feldman* doctrine and legislative immunity to dismiss all my claims is WRONG.

## I.   Opposition to Dismissal of Count I

For Count I of my complaint, I am relying on SCOTUS *Ex Parte Young* decision and its progeny. **FN1** The *Ex Parte Young* doctrine allows suits for declaratory judgments and prospective injunctive relief that are otherwise barred by sovereign and legislative immunity. I am prosecuting Defendant McDonald in his official capacity as the chief judge of the NH Supreme Court (NHSC) to stop his enforcement of NHSC's administrative rules that unlawfully discriminate against me and the Public by refusing to supply us and not others its appellate services as a matter of right.

---

[1] *Ex parte Young*, 209 U.S. 123 (1908)

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

I am seeking declaratory relief and an injunction to enjoin the Defendants' ongoing enforcement of these discriminatory rules that deny the me and the Public are equal access to the NHSC's appellate services. **FN2**

The NHSC is unique from the state legislature in possessing the authority under the NH Constitution Part 2 Article 73-a to enforce its own administrative rules. **FN3** Contrary to the Magistrate Report's claim, I am not prosecuting the Defendants for promulgating these administrative rules, only to stop the Defendants' enforcing them against me again in the future. The doctrine of legislative immunity only protects a government actor like the NHSC from lawsuits for its adoption of administrative rules and regulations and not from lawsuits seeking only to enjoin NHSC's future enforcement of any of these administrative rules.

In *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719 (1980), SCOTUS recognized that a state supreme court can be sued for injunctive relief and declaratory judgment over its enforcement of its administrative rules despite in possessing legislative immunity over any suit challenging its adoption of any of its administrative rules. While this decision recognized that legislative immunity protected a state court from lawsuits over adoption or retraction of rules, it still allowed courts to be sued for injunctive relief and for a declaratory judgment over its enforcement of its administrative rules.

It is now hornbook law that legislative immunity does not prevent a judicial officer from being enjoined to stop its enforcement of an unconstitutional rule. See *Forrester v. White*, 484 U.S. 219, 228–29, 108 S. Ct. 538, 545 (1988) —

> "In explaining why legislative, rather than judicial, immunity furnished the appropriate standard, we said: "Although it is clear that under Virginia law the issuance of the Bar Code was a proper function of the Virginia Court, propounding the Code was not an act of adjudication but one of rulemaking." Id., at 731, 100 S.Ct., at 1974. Similarly, in the same case, we held that judges acting to enforce the Bar Code would be treated like prosecutors and thus would *229

---

[2] NHSC's said discriminatory policy towards accessing its appellate services is codified as its administrative Rules 3 & 7.

[3] NH Constitution Part II Article 73-a. [Supreme Court, Administration.]: "The chief justice of the supreme court shall be the administrative head of all the courts. He shall, with the concurrence of a majority of the supreme court justices, make rules governing the administration of all courts in the state and the practice and procedure to be followed in all such courts. The rules so promulgated shall have the force and effect of law."

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

> be amenable to suit for injunctive and declaratory relief. Id., at 734–737, 100 S.Ct., at 1975–1977. Cf. Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). Once again, it was the nature of the function performed, not the identity of the actor who performed it, that informed our immunity analysis."

In a more recent decision, a federal court in *Washington Legal Found. v. Texas Equal Access to Just. Found.*, 86 F. Supp. 2d 617, 620–21 (W.D. Tex. 2000) followed SCOTUS lead in *Consumer Union* and opined that —

> "Not all actions taken by officials with legislative duties, however, are protected by legislative immunity. *Hughes v. Tarrant County,* 948 F.2d 918, 920 (5th Cir.1991). Legislative immunity protects only those duties that are functionally legislative. *Id.* Although there is no absolute standard by which to distinguish between legislative and nonlegislative acts, **courts have consistently recognized a distinction between the legislative act of establishing a policy, act, or law and the nonlegislative act of enforcing or administering that policy, act, or law**. *See Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 731–34, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980)."

There is no doctrine of immunity that prevents me from asking the Court to enjoin the Defendant MacDonald in its administrator capacity from enforcing the NHSC Rules 3 & 7 that are constitutionally infirmed by their discriminating against the Public on which get to receive appellate services from the NHSC as a matter of right and those that do not. It must be recognized that all United Stated Courts of Appeals and all Massachusetts courts of appeal offer their appellate services as a matter of right equally to all members of the Public. There is no basis in law or fact justifying the Defendants choosing to discriminate against the Public in regarding who will receive its appellate services as a matter of right and who will not.

**II.     Opposition to Dismissal of Counts II & III**

For Counts II & III of my Complaint, I am only suing the Defendants for a declaratory judgment and injunctive relief to stop unconstitutional provisions of NH Divorce Statute from being enforced against me in the future so that I am financially and otherwise able to decide to marry my current romantic partner. **See the concurrently filed 19 May 2025 Declaration of Eric Kratzenberg**. I have already decided that I cannot marry her or anyone else while still residing in NH since the NH's constitutionally infirmed Divorce Statute can be prosecuted against me if I am forced to terminate another failed marriage. The Magistrate Report 's is wrong in claiming that *Rooker-Feldman* doctrine is dispositive to my current constitutional claims in

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

Counts II & III against the NH Divorce Statute. I am only seeking a declaratory judgment and prospective injunctive relief against the enforcement of the NH Divorce Statute regarding its enforcement against me in a likely future marriage and not any of my past marriages.

I absolutely am not suing the Defendants to obtain some belated and now unnecessary appeal of my past marriage to a former spouse. That is not even legally possible owing to my recently entering a settlement agreement with my former spouse over our divorce decree issued by the state court ("Divorce Settlement Agreement"). The said settlement agreement terminated and finalized my state divorce proceedings referred to in my Complaint. **See Addendum #1: Divorce Settlement Agreement.** The Court has no ability to legally change this reality.

The Divorce Settlement Agreement was approved by the state court and legally finalizes forever all litigation of my state divorce proceedings. Whatever any court opines in the future concerning the divorce between me and my former spouse, it will have no impact on my past divorce proceedings, nor will it start them anew. Pursuant to the Divorce Settlement Agreement, I have already paid the full amount of what I financially owed my former spouse. I am under no further obligation to provide services of any kind to my former spouse nor her to me. Our court divorce proceedings are over and done.

The only reason I discuss in my Complaint the consequences of the past enforcement of the NH Divorce Statute against me is to provide evidence of the horrific impact this constitutionally infirmed statute had on me both financially and emotionally. I also mention it to satisfy the Article III standing requirements I need to establish to allow the Court to adjudicate my claims against the Defendants.

When I drafted the compliant in the instant action I did so intentionally to prevent me making the mistake of raising any possible claim that would violate *Rooker-Feldman* doctrine. Prior to my commencing the instant action I read the Court's prior decision in an earlier action against the Defendants concerning that plaintiff's claims of improper appellate review of its divorce proceedings by the NHSC.  In <u>D'Angelo v. New Hampshire Supreme Ct.,</u> 2012 WL 6647807, at *2 (D.N.H. Dec. 20, 2012), <u>aff'd,</u> 740 F.3d 802 (1st Cir. 2014) the Court dismissed the plaintiff's claims in part from their violating the Rooker-Feldman Doctrine stating —

> "The Magistrate Judge concluded that the *Rooker–Feldman* doctrine deprives this court of subject matter over each of D'Angelo's claims and, therefore,

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

> recommended that they be dismissed. In reaching that conclusion, she observed: 'D'Angelo's claims are, at their core, the claims of a disgruntled litigant, seeking federal district court review of state court judgments, filed after the state proceedings have ended, and rooted in the belief that the judgments are wrong and injurious to him. To adjudicate D'Angelo's claims, this court would necessarily be called upon to review the validity of the DFC's order and the NHSC's decision to decline D'Angelo's appeal. The *Rooker–Feldman* doctrine precludes such review by this court, insofar as D'Angelo's federal claims are inextricably intertwined with the state court decisions at issue.'"

I deliberately drafter my Complaint to ensure that the Court would recognize that I am not in any manner asking it to review and opine on any aspect of my now terminated former state court divorce proceedings. SCOTUS requires judges to interpret pro se claims in the broadest manner to justify the relief sought by them, even by using legal theories not raised by a pro se plaintiff. The Court is prohibited by SCOTUS said doctrine from misinterpreting my claims as in any manner that would violate the *Rooker-Feldman* doctrine to provide me my requested relief. I repeat. I am not asking for any relief regarding my former state court divorce proceedings,

## The Plaintiff's Petition to the Defendants to Implement, Revise, And Revoke NHSC Administrative Rules

Presently, Plaintiff Kratzenberg is petitioning Defendant MacDonald and the NHSC pursuant to NHSC Rule 51(4)(a). The petition seeks in part to revise the NHSC's administrative rules and adopt new ones that afford the right of every member of the Public the right to appeal underlying court judgments and interlocutory orders to the NHSC ("Petition for Right to Appeal"). **See Addendum #2: 2025 Petition for Right to Appeal.** Under Rule 51, the NHSC will consider a member of the Public's petition for it to implement, revise and/or revoke any administrative rule. On 19 May 2025, he filed his petition with the NHSC's Advisory Committee on Rules ("Advisory Committee"). At that time, he also requested a hearing before the committee at its next meeting in June 2025 to argue for his proposed rule's adoption. He also is seeking an emergency expedited consideration of his petition by the Advisory Committee and for an expedited vote on his proposed rules by the NHSC judges.

## Summary

The Plaintiff requests that the Court DENY the Defendants Motion to Dismiss and to ignore and not support the similar recommendations by the Magistrate Report.

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

By:

/s/ Eric Kratzenberg

_____

Eric Kratzenberg

PO Box 162 Peterborough NH 03458

603-320-9019 & ekratz@protonmail.com

CERTIFICATE OF SERVICE: The undersigned hereby certifies that a true copy of the above document was served on the Defendants via ECF.   /s/ Eric Kratzenberg

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

**ADDENDUM #1**

**KRATZENBERS' 1994 DIVORCE SETTLEMENT AGREEMENT**

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

STATE OF NEW HAMPSHIRE Judicial Branch

Originating Court - 8th CIRCUIT COURT, JAFFREY FAMILY DIVISION

DOCKET NO:648-2019-DM-108

IN THE MATTER OF ERIC KRATZENBERG AND LYNN WILSON

20 September 2024

---

JOINT NOTICE OF SETTLEMENT AND MOTION FOR COURT TO ORDER THAT ALL FINANCIAL OBLIGATIONS BETWEEN PARTIES ARE FULFILLED AND TERMINATED

---

The parties — Eric Kratzenberg & Lynn Wilson — jointly notify the court that a settlement agreement has been reached between them over all further financial obligation owed to each other that was set down by the 15 January 2021 divorce decree entered by the Court ('Divorce Decree').

The parties now jointly move the court to —

1. Find that all alimony obligations between the parties have now been fulfilled on this date, and to void and terminate all further alimony payment obligations between the parties after Kratzenberg, on this date, having made a FINAL alimony payment to Wilson in the amount of $118,000.00(One Hundred Eighteen Thousand Dollars and Zero Cents).

2. Order that the Alimony obligation between the parties be permanently settled. Neither party can seek any further payment of alimony from the other in the future.

3. Terminate any life and/or health insurance obligation between the parties.

4. Void the Court's 15 November 2023 (J. Forrest) order that required that Kratzenberg make certain alimony payments to Wilson and/or find that it has been fulfilled.

5. Find that all remaining outstanding motions by either party are either WITHDRAWN by them or otherwise are now moot.

6. Terminate all outstanding contempt proceedings against Kratzenberg.



**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

20 September 2024 Joint Motion & Settlement Agreement to Terminate Further Alimony Obligations 2

### Summary

The Parties on this date have PERMANENTLY settled all their alimony debt and mutual past financial obligation to each other that arose as a result of the commencement of the instant action and the Court issuing the Divorce Decree.

For the above stated reasons, the parties jointly ask the Court to issue their requested relief.

Respectfully submitted by:

/s/ Eric Kratzenberg                        9/20/2024
_____
Eric Kratzenberg (Petitioner)

/s/ Lynn Wilson                             9/20/2024
_____
Lynn Wilson (Respondent)


Approved
+
So ordered.

Hon. Joseph D. Tessier
9/20/2024

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

**ADDENDUM #2.**

**PETITION TO NH SUPREME COURT TO ADOPT ADMINISTRATIVE RULES TO GUARANTEE UNIVERSAL RIGHT TO RECIEVE ITS APPELLATE SERVICES.**

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

# Pro Se and Proud Associates

**Served Via Email and USPS Priority Mail**                               **19 May 2025**

To:    Gordon Macdonald, Chief Justice &
        the NHSC Advisory Committee on Rules
        New Hampshire Supreme Court
        One Charles Doe Drive, Concord, NH 03301

RE:    Petition for an Expedited Adoption of Rules Guaranteeing the Equal Right of Every Amerikan to Obtain Appellate Services from the NH Supreme Court Including Interlocutory Appeals to Protect Constitutional Rights.

Attention,

    We the undersigned are petition the NH Supreme Court (NHSC) pursuant to our rights provided by the First Amendment's Petition Clause and the New Hampshire Constitution's Part I Article 32, **FN[4] & FN[5] respectively**, for it to adopt rules pursuant to NHSC Rule 51 ("Our Petition"). We are seeking an EXPEDITED processing of Our Petition.

    We remind the NHSC that the NH Constitution Part I Article 10 protects the right the Citizens to take control of the government bureaucracy to effect positive change that benefits the Public by reconstructs the mandated performance and allowed boundaries of government authority stating —

> "Government being instituted for the common benefit, protection, and security, of the whole community, and not for the private interest or emolument of any one man, family, or class of men; therefore, whenever the ends of government are perverted, and public liberty manifestly endangered, and all other means of redress are ineffectual, the people may, and of right ought to reform the old, or establish a new government. The doctrine of nonresistance against arbitrary power, and oppression, is absurd, slavish, and destructive of the good and happiness of mankind."

---

[4] First Amendment: "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to PETITION the Government for a redress of grievances."

[5] NH Constitution Part 1 **Article 32:** The People have a right, in an orderly and peaceable manner, to assemble and consult upon the common good, give instructions to their Representatives, and to request of the legislative body, by way of petition or remonstrance, redress of the wrongs done them, and of the grievances they suffer"

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

We are claiming that the current NHSC's administrative rules in their entirety were adopted without meaningful opportunity for public comments and without any opportunity of laypersons to be members of the Advisory Committee on Rules simply because they're not benefiting from professional involvement with the NH judiciary including with the NHSC. As such and for other reasons NHSC Rules 3, 7, 8, and 9 are constitutionally infirmed and not lawfully enforceable as a matter of law.

I. **We Want a Rule Providing Every Member of the Public the Right to Obtain Access to NHSC Appellate Services on Any Lower Court Order or Judgment.**

Both the Constitution and the NH Constitution protect the right of every member of the Public to petition the NHSC to appeal decisions by judicial magistrates employed by NH superior and district courts and especially those decisions that violate the petitioner's constitutional rights and otherwise impose significant economic burdens on a citizen including required servile service that is injurious to him and not done to correct the citizen's unlawful past injury to another.

WE maintain it is essential to achieve a just and fair society to ensure that government employees — and especially those employed by the court and executive agencies that have the authority to make arrests and prosecute citizens for committing crimes — have their official acts against a citizen reviewed pursuant to a full appeal to the NHSC.

We our COMMANDING the NHSC to—

A. Adopt rules guaranteeing every member of the Public that they will be afforded a right to access full appellate services from the NHSC to appeal all judgments and orders from NH's superior and district courts now provided to only selected members of the Public.

B. Revoke every discriminatory provision of NHSC Rules 3 & 7 that abridges and denies the equal right of every member of the Public to obtain appellate services from the NHSC as are offered currently to only certain members of the Public including —

1. Strike the text of NHSC Rule 3 that provides a definition of "Mandatory Appeal"

2. Strike the use of the term "mandatory" from all parts of NHSC Rule 7

3. Strike in its entirety section NHSC Rule 7(1)(B) entitled "*Other appeals from trial court decisions on the merits.*"

4. *Strike in its entirety NHSC Rule 7(6)(B).*

II. **We want a Rule Providing Every Member of the Public the Right to Seek an pImmediate Interlocutory Appeal of Any Lower Court's Orders/Injunctions that are Claimed to Violate Constitutionally Protected Rights and Liberties.**

It is fundamental to a Free Republic that a citizen can obtain instant and full appellate review by the NHSC of any underlying court's order alleged to be unconstitutional and/or its

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

denial of any preliminary injunction sought to protect a citizen's constitutionally protected liberties.

A.    We our COMMANDING the NHSC to adopt rules ensuring that the NHSC will adjudicate any immediate interlocutory appeal of any trial court's order alleged to be unconstitutional or an underlying court's denial of any preliminary injunction sought to protect a citizens constitutionally protected liberties from government interference.

B.    We are also petitioning the NHSC to REVOKE and/or REVISE all provisions of NH Superior Court Rules that currently deny the Public the opportunity to seek an immediate interlocutory appeal from the NHSC on a lower court's allegedly unconstitutional orders and denials of sought for preliminary injunctions intending to protect the Public's constitutional rights from interference by government actors.

And specifically —

1.    **REVOKE** The first line of text in NHSC Rule 8(1) that states "The supreme court may, in its discretion, decline to accept an interlocutory appeal, or any question raised therein, from a trial court order or ruling" and **REPLACE** it with "The supreme court will accept and consider any petition by a party for an interlocutory appeal, or any question raised therein, from a trial court order and especially any petition that seeking to protect its a constitutional right(s) from infringement."

2.    **REVOKE** The first sentence of text in NHSC Rule 9(1) that states "(1) The supreme court may, in its discretion, decline to accept an interlocutory transfer of a question of law without ruling by a trial court or by an administrative agency." and **REPLACE** it with "The supreme court will accept and consider any interlocutory transfer of a question of law without ruling by a trial court or by an administrative agency and especially any petition seeking to protect a party's constitutional right(s) from infringement."

3.    **REVOKE** NHSC Rule 8(4).

4.    **REVOKE** the text of NH Superior Court Rule 46(a) and **REPLACE** it with "Interlocutory Appeals. A petitioner shall file with the trial court a copy of its interlocutory appeal statement or interlocutory transfer statement that he filed with the Supreme Court pursuant to its Rule 8 or Rule 9."

**The Petitioner's Right to Testify before the NHSC's Advisory Committee**

We are also seeking to address the Rules Advisory Committee in person at its June 2025 meeting on the merits of Our Petition to NHSC to adopt, revoke and otherwise modify it rules and sought for by Our Petition

By:

/s/ Eric Kratzenberg                                    /s/ Richard Maximus Strahan

_____                    _____

Eric Kratzenberg                                              Richard Maximus Strahan

**19 May 2025 Plaintiff's Opposition to the Recommendations of the Magistrate Report.**

PO Box 162 Peterborough NH 03458
603-320-9019 & ekratz@protonmail.com

1 Brickyard Square, Suite 14 PMB 227
Epping NH 03042
Pro.se.proud@proton.me