UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, as *Plaintiff*

V.

GORDON MACDONALD, *et al.*, as *Defendants*

**27 June 2025**

_____

PLAINTIFF'S PETITION TO EXTEND TO 7 JULY 2025 THE DEADLINE FOR FILING FRCP RULE 59 MOTION AND MOTION FOR MORE DEFINITIVE RULING
_____

I — Plaintiff Eric Kratzenberg — SPEAKS:

I am petitioning the Court to extend the deadline to 7 July 2025 for my filing a FRCP Rule 50 motion with the Court to revise & amend it 30 May 2025 judgment dismissing all my claim in the instant action. **FN¹** I am prosecuting my claims as a pro se petitioner with absolutely no experience or education in arguing in doing so in a court of law. I have no access to any law library and no law library is available to me or any other pro se litigant in New Hampshire. Since I have a full-time job during regular business hours that many times requires overtime, I need the requested extension to complete the research and to seek consultation with available legal experts.

I am impaired in filing a meaningful FRCP Ruling by the Court's simply rubber stamping the Magistrate's Report without responding to any of my allegations of fact or legal claims in my filed opposition to this document. I believe I am entitled pursuant to the First Amendment's Petition Clause and JUSTICE as a pro se plaintiff the Court's specific comments and insights into its reasons for dismissing all my claims in the instant action.

---

¹ 22 November 2024 Kratzenberg's "Amended Complaint For Declaratory, Injunctive & Compensatory Relief And For A Jury Trial."

In having been hampered by the Court's failure to provide explicit reasons for its dismissal of all my claims, I am not asking it to correct this failure by issuing a more descriptive statement on why its dismissing all my claims in the instant action. I filed a detailed opposition to the Magistrates Report (Opposition to Report). **FN²** In my Opposition to Report I notified the Court of a change in circumstances in the state court proceedings on my divorce from my former spouse. I reported to the Court that the state court had issued an order approving of a settlement between me and my former spouse that ended forever all our claims in the divorce proceedings. I provided a copy to the Court of the settlement agreement. As a result of the settlement, I maintained to the Court that my claims in the instant action could not be seen as any appeal of the state court's divorce proceedings since the Court could not issue any relief that will change the terms of the settlement agreement.

The Magistrate Report is WRONG in claiming that I am seeking to PUNISH the NHSC for adopting NHSC Rules 3 & 7. It states —

> "To the extent Kratzenberg seeks to hold the Chief Justice liable in Count I for the adoption of NHSC Rules 3 and 7, this court finds the doctrine of absolute judicial immunity inapplicable to this claim. Part II, article 73-a of the New Hampshire Constitution delegates authority to the Chief Justice of the NHSC, "'with the concurrence of a majority of the supreme court justices,'" to "'make rules governing . . . the practice and procedure to be followed' in all courts in the State." In re Proposed N.H. Rules of Civil Proc. (Petition of N.H. Bar Ass'n), 139 N.H. 512, 513 (1995) (quoting N.H. Const. pt. II, art. 73-a). Adopting the NHSC Rules was therefore a proper function of the Chief Justice under New Hampshire law. However, "propounding the [Rules] was not an act of adjudication but one of rulemaking." Forrester, 484 U.S. at 228 (quoting Consumers Union, 446 U.S. at 731). Judicial immunity does not extend to such actions. See id. ("judicial immunity has not been extended to judges acting to promulgate a code of conduct for attorneys.")."

In Count I of my Amended Complaint I am not prosecuting the justices of the NH Supreme Court for their adopting NHSC Rule 3 & 7. I am only asking the Court for an injunction to STOP THE FUTURE ENFORCEMENT of these Rules by the NHSC. My Complaint is also seeking a declaratory judgment that these said rules are unconstitutional as they unlawfully discriminate in providing appellate services to only certain categories of cases

---

² Docket #28 18 May 2025 "*Plaintiffs Opposition To The Magistrates Report Recommending That The Court Dismiss All My Claims Against The Defendants*"

and appellants. I suspect that the NHSC will no longer enforce these rules if the Court simply declared their enforcement to be unconstitutional.

    Clearly, the Magistrate's Report is wrongly misconstruing my claims in that —

1. In Count I am only prosecuting the Justices of the NHSC to STOP THE EMFORCEMENT of NHSC Rules 3 & 7. I am not prosecuting the NHSC for having adopted the said rules.

2. The said SETTLEMENT AGREEMENT should make it clear to the Court that it is impossible for my prosecution in the instant action to be asking the Court to appeal anything about the state court's decisions in the state court divorce proceedings with my former spouse. All those claims were settled after the instant action commenced and now constitute part of the "law of the case" in the instant action. In my affidavit filed in support of my opposition to the Magistrate's Order I made it clear to the Court that I was only seeking orders to prevent the FUTURE ENFORCEMENT of the NHSC rules and the NH Divorce Statute regarding my marrying my current female companion. I only brought up the facts in my divorce proceedings with my former spouse as evidence of the injustice likely to be inflicted on me in the future by the past willingness of the NHSC to do so in the past.

3. My Amended Complaint and my supporting AFFIDAVIT clearly state that I am seeking prospective injunctive relief to protect my constitutional rights as I contemplate a possible future marriage to my current romantic interest.

4. My amended complaint clearly states that I am seeking injunctive relief against the Defendants and chief justice of the NHSC ONLY to prevent its ENFORCEMENT against me of NHSC Rules 3 & 7 which I claim are constitutionally informed.

    I simply do not understand or know why the Court dismissed all my claim in the instant action especially regarding the detailed reasons and case law that I provided the Court in my OPPOSITON to the Magistrate Report. I believe that I am entitled as a pro se petitioner for the Court to explain why my opposition to the Magistrate Report was insufficient in deterring the Court's blanket and unsubstantiated approval of it. Especially, regarding the changing circumstance like my entering into the SETTLEMENT AGREEMENT with my former spouse.

The Court's judgment refuses to provide its reasons directly in issuing its judgment so I could know it's opinion of the changing circumstances of the Divorce Settlement and my Affidavit's offering testimony that my real interest was not what happened between me and my former spouse. But what will happen to me if I marry again, and I am tragically stuck going through another divorce proceeding.

## Summary

I am asking the Court to extend till 7 January 2025 the deadline for me to file with the Court a FRCP Rule 59 package of relief to have the Court revise its 30 May 2025 judgment of dismissal. Including my filing a —

1. FRCP Rule 59 Petition for the Court to Revise its judgment of dismissal.

2. A FRCP Rule 15 Petition to accept an amended complaint that will deal with all the concerns raised in the Magistrate's Report. This will include a claim against the NHSC for refusing to allow me to petition it for specific administrative rules.

3. A Petition for Interlocutory relief Pending Appeal to enjoin the NHSC from enforcement of its Rules 3 & 7 regarding all my future petitions to it for appellate services.

4. A Petition for a More Definitive Ruling regarding its judgment of dismissal.

I ask the Court to grant my requested relief.

By:
/s/ Eric Kratzenberg
_____
Erick Kratzenberg
PO Box 162
Peterborough NH 03458
603-320-9019
ekratz314@protonmail.me

CERTIFICATE OF SERVICE: The undersigned hereby certifies that a true copy of the above document was served on the Defendants via ECF.    /s/ Eric Kratzenberg