UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, *Plaintiff*

V.

GORDON MACDONALD as executive administrative of the

NEW HAMPSHIRE SUPREME COURT, *Defendants*

**13 July 2025**

———————————————————————

AMENDED COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF

———————————————————————

1.      This is a civil rights action brought by Plaintiff Kratzenberg to protect his First Amendment and other constitutionally protected rights to have an equal opportunity to petition the New Hampshire Supreme Court ("NHSC") for its mandatory review of any NH court judgment against him.  — as any other citizen of the State of New Hampshire also has the same right. Gordon MacDonald is being sued for acting in his role as the chief administrator of the NHSC and enforcer of its administrative rules. **FN1**  In this said role MacDonald is enforcing a NHSC policy adopted two decades or so ago that discriminates against *pro se* citizens as a class by denying them the right of appellate review while preferentially providing appellate services to citizens who are represented by attorneys.  Gordon is enforcing NHSC Rules 3 & 7 that unlawfully discriminates against petitioners for its appeal services and denies the Public a universal right for appellate review to all citizens of New Hampshire. These rules deny the right to appellate review to any judgment requiring the eviction of indigent person and his wife and children from their homes. It also denies appeals of judgments from NH Family courts that require a working man who cannot afford a lawyer to give up a large part of his income to

---

[1] Article 73-a of the NH Constitution states: "The chief justice of the supreme court shall be the administrative head of all the courts. He shall, with the concurrence of a majority of the supreme court justices, make rules governing the administration of all courts in the state and the practice and procedure to be followed in all such courts. The rules so promulgated shall have the force and effect of law."

maintain a former spouse for a decade or more despite his not being legally responsible for causing his divorce.

2.      The Constitution of the United States requires that any state appellate court that grants automatic right of appeal to some of a state's citizenry must grant the same right to appellate review to all a state's citizenry. The Constitution forbids state courts from discriminating in providing preferential access to its appellate services. The NHSC adoption of Rules 3 & 7 was irrational; arbitrary and capricious. As such the Defendants cannot be allowed to further enforce these bigoted and discriminatory rules against the NH public. As citizens fight together in war — especially our Founding Fathers who stood together to face British musket balls on Lexington Common and Bunker Hill — we stand together and leave no one behind in enjoying our universal right to appeal judgments imposed against us by state courts that should be routinely reviewed for their constitutionality.

3.      Ignoring the NHSC's said discriminatory restraints against him seeking a mandatory appeal from the NHSC, Kratzenberg regardless in 2024 petitioned Defendant NHSC for a mandatory review of a lower court judgment from the NH Family District Court regarding a required payment of alimony to a former spouse. He used the required NHSC form required by these rules for filing a mandatory appeal. **See Addendum #1: NHSC Form for a Mandatory Appeal.**  He also paid the required filing fee of $250.00 to commence his sought for mandatory appeal.  This payment was accepted by Defendant NHSC.

4.      The NHSC eventually rejected Kratzenberg's petition for an appeal by right as violative of Rules 3 & 7. In its written refusal to provide him an appeal by right, the NHSC claimed that under its Rules 3 & 7 he could only seek a discretionary appeal meaning that he could only submit an argument on why he should be allowed an appeal to the NHSC. The NHSC informed him that h under NHSC Rules 3 & 7 to beg the NHSC for an appellate opportunity he must use the correct NHSC adopted form to do so. **See Addendum #2: NHSC Form for Applying for a Deferential Appeal.** Kratzenberg did not accept the NHSC invitation to file for a discretionary appeal. He is therefore seeking an order from the Court requiring the Defendants to return to him the $250 he paid to get but did not get from them an appeal by right

5.      The distinction between applying for appellate services as a matter or right and as a discretionary matter is obvious. An appellant gets appellate services from the NHSC when it

pays its filing fees. But a discretionary application for appeal is completely provisional with no guarantee of the appellant getting sought for appellate services from the NHSC. NHSC only offers the opportunity for a prospective appellant to make a pitch to the NHSC to offer him its appellate services. Kratzenberg refused to pay the NHSC just for the chance to make a pitch for appellate services. He now only wants the NHSC to return the money he gave the NHSC to get the appellate services that he never got from the NHSC.

6.      In 2024 after the instant action was commenced, Kratzenberg voluntarily entered into a final settlement agreement with his former spouse that was approved by the NH Family District Court that permanently settled all their claims against each other. He is not seeking in the instant action any decision by the Court that would affect the said settlement agreement.

7.      But Kratzenberg is being forced to live with threat of prospective irreparable harm by the NHSC by its continuing refusing pursuant to its Rules 3 & 7 to provide him any appeal of NH district court judgements from any dispute he would be a party in before a NH housing or family district court. Such disputes are not uncommon and result from routine conflicts between parties involved in housing and family matters.

8.      Kratzenberg is seeking an order from the Court enjoining the Defendants from enforcing Rules 3 & 7 against him in the future. He is also seeking a declaratory judgment that NHSC Rules 3 & 7 are constitutionally informed. He is seeking a return of the $250.00 that he paid the NHSC for a mandated appellate review of a NH District Court judgement that the NHSC then refused to process without returning the $250.00 to Kratzenberg.

9.      On 20 May  2025 during the pendency of the instant action, Kratzenberg and another petitioned the NHSC pursuant to the First Amendment's Petition Clause to have it use its NH Constitution authority to revoke the said discretionary provisions of its Rules 3 & 7 and off every prospective appellant from a NH court judgment a universal right of appeal (Petition for Universal Appeal Rights). **See Addendum #3: Kratzenberg's Universal Appeal Rights Petition**.  Upon information and belief, the judges of NHSC deliberately refused to even consider the Universal Right Petition in violation of his constitutional right to petition the NHSC for relief. The NHSC violated his First Amendment protected right to petition the NHSC to adopt an administrative rule under its authority afforded it by the NH Constitution. The NHSC did not

even send a written notice or other reply to Kratzenberg in response to his serving on it his Universal Right Petition.

10.    Kratzenberg is seeking a Declaratory Judgment stating that —

A.    He as a *pro se* appellant has an equal constitutionally protected opportunity to obtain a mandatory review by the NHSC from any NH court judgment as any other citizen represented by an attorney of New Hampshire who is now being offered the opportunity for mandated appellate services under NHSC Rule 3 & Rule 7.

B.    NHSC Rule 3 & 7 are facially unconstitutional

11.    Kratzenberg is seeking the Court for prospective injunctive relief —

A.    Enjoining the Defendants from further discriminating on who gets a mandatory appeal to the NHSC and from enforcing any provision of Rule 3 and Rule 7 that denies anyone the equal opportunity for its full appeal services

B.    An order compelling the Defendants to return the $259.00 that Kratzenberg gave the Defendants to pay for a mandatory appeal he never got.

C.    An order requiring the Defendants to accept for consideration Kratzenberg's Universal Appeal Rights petition to then decide on whether to adopt it's requested measures  for the adoption of a proposed rule and revocation of existing rules that he served on the NHSC.

**Introduction**

12.    In our federalism, the essential function served by a state's supreme court is to provide appellate review of state court judgments that are being challenged for their correctness under the Constitution and the NH state constitution. A constitutional right not defendable at the highest level of judicial review is no right at all. It is a fact that lower courts especially in state courts refuse to accept constitutional challenges unless controlling precedent already exists.

13.    Despite these realities, the NHSC prior to the adoption of Rules 3 & 7 around 2005 only picked and chose appellate cases for review in an arbitrary and capricious manner. This pissed off enough politicians that the NHSC adopted Rule 3 & 7 to recognize on a

discriminatory basis a few categories of cases as being appealable on demand. The administrative record of the adoption of Rules 3 & 7 is devoid of any reason for the changes or why these approved categories for appeals on demand was chosen. It was all done under the table for reasons that the NHSC did not to make Public.

14.     The Defendant NHSC adopted these rules on its own initiative without any solicited or allowed Public participation. No comments from any non-attorney or other than legal based company is its administrative record. As part of its promulgation of administrative rules, an advisory committee was established consisting of members of only the legal profession selected by the NHSC judges to be on it. This advisory committee conducts its rule making devoid of any input from the Public or any elected government representative. It is wholly inbred and deficient in democratic values.

15.     The rules of the NHSC only serve the legal businesses and do not serve the Public Interest. This ban on certain categories of sources of lower court decisions is not based on any statutory or constitutional authority supplied to it.  Instead, they are wholly based on the NHSC judges and employee's usurpation of authority to deliberately discriminate against certain members of the Public based on their ability or desire to be represented by an attorney.

16.     The NHSC now only offers a "beggar's banquet" form of relief to the caste of banned appellants. It affords the those whose claims are categorically not automatically a chance to beg the Court to accept their petition for appellate adjudication. The basis for the Court's possible acceptance is completely discretionary, and arbitrary based on unpublished rules.

17.     Historically statistics show that the overwhelming majority of *pro se* wannabe appellants have their petitions for appeal denied by the NHSC regardless of the merits.  It is a statistical fact that the number one criterion to get a discretionary appeal accepted by the NHSC is for the appellant to be represented by an attorney.

18.     On its surface the requirement for discretionary acceptance might be compared to the requirements imposed by 28 USC § 1915 on the indigent seeking to commence civil actions in the US District Courts without the ability to pay the required filing fee. The key difference is

that the federal courts accept all petitions to waive its filing fee and then subject them equally to an expedited review on the merits. **FN2**

19.    Kratzenberg paid the required filing fee with the Court to obtain a mandatory appeal. His application for appellate services from the NHSC was simply denied just because it was not from category of cases that required mandatory appeals under Rules 3 & 7.

20.    Upon information and belief, the categories of appeals that do not qualify for a mandatory appeal under the Defendants rules are those most likely to be brought by pro se petitioners and especially ones that are indigent and not able to pay the exorbitant cost of having an attorney represent them on appeal. These non-frivolous appeals are brough by Appellants fighting to keep their home or to prevent themselves being coerced to do a payout of a significant portion of their minimum wages pursuant to alimony orders by the NH Family District Court.

21.    As stated, in 2025 after the commencement of the Instant action, Kratzenberg pursuant to the First Amendment's Petition Clause petitioned the NHSC  to an administrative that sought to establish a universal right of appeal to the NHSC from all state court judgments and to revoke all parts of NHSC Rules 3 & 7 that are inconsistent with a said universal right to mandatory appeal of all NH court judgments.

22.    Upon information and belief, the NHSC judges refused to even consider Kratzenberg's Universal Right to Appeal petition In refusing to consider his said petition the Defendants and the judges of the NHSC usurped their judicial authority and violated the Kratzenberg's First Amendment protected right to petition the NHSC to adopt administrative rules pursuant to its authority to do so under the NH Constitution.

### The Parties

16.    Plaintiff Eric Kratzenberg is a United States citizen and a nationally respected electrical engineer. His residential address is 85 Condy Road, Peterborough NH 03458.

---

[2] This statute requires more than the indigent petitioner attesting to his poverty by filing an affidavit with the USDC.  He must also show that the claims against the putative defendant(s) are not "frivolous." This statute was also adopted by Congress to stem the increasing flow of indigent *pro se* criminal petitioners attempting to commence civil lawsuits in the federal courts.

17.    Defendant Gordon Macdonald is being sued in his individual capacity as well as in his official capacity as the chief judge and administrator of the NH Supreme Court. His business address is % NH Supreme Court, 1 Charles Doe Drive, Concord, NH 03301 **FN3**

18.    Defendant NH Supreme Court is a NH state office established by Article 72-a of the NH Constitution. **FN4** Its official address is at 1 Charles Doe Drive, Concord, NH 03301.

## Jurisdiction and Standing

19.    The Court has jurisdiction to adjudicate Kratzenberg's claims in the instant action pursuant to the Petition Clause of the First & Fourth Amendments and 42 USC § 1983 (Civil Rights Act). His supplementary claims are brought in part pursuant to NH Uniform Commercial Code.  Kratzenberg has Article III standing to prosecute his claims before the Court owing to his seeking relief from the real and monetary injuries inflicted on him why the State Defendants pursuant to RSA 382-1 Uniform Commercial Code.

## Kratzenberg's Claims Against the Defendants

COUNT I:    *Defendants Violation of the First Amendment's Petition Clause and 42 USC § 1983: NHSC's Rule 3 & 7 facially violate the Publics Constitutionally Protected Right for Equal Opportunity to Petition the NHSC for a Mandatory Appeal.*

20.    The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 19.

21    The NHSC Rules 3 and 7 are facially unconstitutional by providing its appellate services in a discriminatory manner that favors attorney represented appeals over those brought mostly by *pro se* appellants (NHSC Access Policy). **FN5 & FN6** The Civil Rights Act, 42 USC §

---

[3] *Ibid.* note 1

[4] Article 72-a of the NH Constitution states: "The judicial power of the state shall be vested in the supreme court, a trial court of general jurisdiction known as the superior court, and such lower courts as the legislature may establish under Article 4th of Part 2."

[5] NHSC's Rule 3: "A mandatory appeal is an appeal …  from a final decision on the merits issued by a superior court, district court, probate court, or family division court, Provided, however, that the following appeals are NOT mandatory appeals: … (9) an appeal from a final decision on the merits, other than the first final order, issued in, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A)."

[6] The NHSC's Rule 7(1)(B): "*Other appeals from trial court decisions on the merits.* The supreme court may, in its discretion, decline to accept an appeal, other than a mandatory appeal, or any

1983 and the Petition Clause of the First Amendment protects *pro se* members of the Public the right of equal and non-discriminatory opportunity to obtain full appellate services from the NHSC in the same manner as enjoyed by appellants who are represented by attorneys.

22.    Under the NHSC Access Policy, there is no equal opportunity to appeal any judgment from a NH Family District Cour or a NH Housing Court. Upon information and belief, the NHSC Access Policy was adopted around 2005 to replace the NHSC historical policy of denying the Public as a right any access to its appellate review services. The NHSC only granted an OPPORTUNITY for mandated appellate review to a an unspecified and selectively chosen number of appellants who are represented by attorneys.

23.    In 2024, Kratzenberg sought an appeal of an unrelated manner by the NHSC. His attempted appeal was immediately rejected by the NHSC Access Policy as an appeal by a pro se appellant from the NH Family District Court.

24.    NHSC Rules 3 and 7 in part are facially discriminatory by denying any right to appeal for petitioners seeking to appeal a NH Housing Court and/or a NH Family Court judgment. The NHSC Defendants adopted this policy only about two-decade ago and did so without supplying any justification for the discriminatory character of these rules. Upon information and belief, the Defendants adoption of the said rules was wholly arbitrary and capricious. It was wholly motivated by its institutional enmity towards *pro se* appellants.

25.    The First Amendment Petition Clause protects the Public's right to petition the courts under the Civil Rights Act for relief for wrongs against them that are inflicting irreparable harm on them by being committed under color of state law by state employees, The includes seeking injunctive relief against state officials for denying in a discriminatory manner the opportunity as enjoyed by other from petitioning state agencies for government services.

---

question raised therein, from a trial court after a decision on the merits, or may summarily dispose of such an appeal, or any question raised therein, as provided in Rule 25. Unless otherwise provided by law or by these rules, an appeal from a trial court decision on the merits other than a mandatory appeal shall be by notice of appeal in the form of notice of appeal approved by the supreme court for the filing of such an appeal ("Notice of Discretionary Appeal" form). Such an appeal shall be filed by the moving party within 30 days from the date on the clerk's written notice of the decision on the merits or, in the case of a sentence imposed in a criminal or juvenile delinquency proceeding, within 30 days of the date the sentence is pronounced."

26.     Under our federalism, petitioning state and federal supreme courts is the only opportunity to be able to enforce our constitutional protected rights against being violated by government actors and employees. In NH lower state courts will not act on the petition of plaintiff to enforce constitutional protections or rule on the constitutionality of a specific government policy unless that question has already been reviewed and decided by either the NHSC, the Supreme Court or the First Circuit appellate court.

27.     The First Amendment's Petition Clause and 42 USC § 1983 outlaws the enforcement of the Defendant NHSC's administrative scheme implemented by Rule 7 & Rule 3 that bifurcates the Public into two separate categories for appellate review that denies one appellate review as of right that it denies the other. The only distinction between the membership of these categories is that the rejected class of petitioners is characterized by being mostly *pro se* petitioners in significant numbers in lower court seeking to challenge court judgments in the banned categories.

28.     There was no rational need for the NHSC to so improperly act in the said unconstitutionally discriminatory manner. The Court must accept all appeals for its adjudication on the merits absent its chosen discriminatory scheme. It is then also fully capable of employing logistical necessity to restrict its full consideration to just some of the appeals filed with the NHSC each year. There weas no need for the Court to start their said discriminatory administrative practice of completely closing the courthouse door to *pro se* petitioners and to keep it open to those paying an attorney to represent them on appeal.

29.     In short, the NHSC around 2005 started to impose a "separate but equal" standard on all future prospective appellees. It separated them into two groups, Those stained by the color of their indigent status so as not to appear able to hire an attorney to represent them. The others are the economically acceptable appellants that hire attorneys to appeal matters of their businesses and important government affairs. The Court then handed out two different keys to the courthouse door on that day. One that went directly to its *cathedra*. This one was handed to the attorneys of the owners of business and holders of office, The one went to the indigent who

did not want to spend their limited and insufficient treasure on paying a shyster to represent them and speak to the NHSC on their behalf.

30.    Unless the Court grants Kratzenberg his sought for Declaratory Judgement and prospective injunctive relief against the NHSC enforcing its Rules 3 & 7 against him in the future, Kratzenberg will again personally suffer irreparable injury from the NHSC enforcement of its constitutionally infirmed Rules 3 & 7.

31.    Its form recognize that the constitutionality issue should get review, but this immediately makes its claim that divorce and evictions are not likely at all to violate the constitution or due process. Without the court ever considering if they pass unstated constitutional muster

COUNT II:    *Violation of the 42 USC§ 1983 & the 14th Amendment:  The Defendants violated the Plaintiff's Right to Petition the NHSC to adopt administrative rules that provide for a Universal Right to Appeal.*

32.    The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 31.

33.    On 20 May 2025, Kratzenberg and another petitioned the NHSC pursuant to the First Amendments Petition Clause for it to adopt administrative rules pursuant to its authority provided by the NH Constitution to adopt administrative rules for its operations. **FN7** Kratzenberg's petition for a Universal Right to Appeal for all NH citizens seeks the NHSC to provide everyone a mandated appellate review of any judgment from a NH court and especially for one that claims any violation of state and federal constitution. **See Addendum #3: "Petition for an Expedited Adoption of Rules Guaranteeing the Equal Right of Every Amerikan to Obtain Appellate Services from the NH Supreme Court Including Interlocutory Appeals to Protect Constitutional Rights (Petition for Universal Right to Appeal)." FN8**

34.    Upon information and belief, Kratzenberg claims that the NHSC has completely refused to consider his Petition for Universal Right to Appeal. The Defendants in so failing to

---

[7] NH Constitution Article 73-a: "The chief justice of the supreme court shall be the administrative head of all the courts. He shall, with the concurrence of most of the supreme court justices, make rules governing the administration of all courts in the state and the practice and procedure to be followed in all such courts. The rules so promulgated shall have the force and effect of law."

[8]    https://www.courts.nh.gov/sites/g/files/ehbemt471/files/inline-documents/sonh/proposed-rule-changes-submitted-by-richard-strahan-and-eric-kratzenberg.pdf

accept and consider Kratzenberg's appeal violated his First Amendment Petition Clause protected right to petition the courts for an administrative law.

35.     The NHSC and MacDonald also violated Kratzenberg 's right to due process and equal treatment under the law. The 14th Amendment protects his constitutional equal right to have his petition accepted and reviewed by the judges of the NHSC by the same standard as they consider their own proposed administrative rules that itself drafts and then adopts.

COUNT III:    *Violation of the 42 USC§ 1983 & the 14th Amendment:  The Defendants violated the Plaintiff's Constitution Right under the "Contract Clause" for a State to Not Interfere with its Contractual relation.*

35.     The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 30.

36.     Kratzenberg entered a contract with the NHSC in 2024 to provide him a mandated appellate review by right. He paid the $250.00 filing fee required by the NHSC for a mandate appellate review by it. He filed the NHSC required form with it for commencing a mandated appeal by right. The NHSC subsequently refused to process his petition for a mandated appeal by right by informing him that his category of NH District Court cases is not considered appealable by right pursuant to Rules 3 &7. NHSC informed it that it should use the NHSC form for discretionary appeal.

37.     Kratzenberg refused to so and instead demanded the immediate return of his $250.00 filing fee since the NHSC rejected his appeal from the start. To this day the NHSC has refused to return Kratzenberg's filing fee for a mandated appeal that the NHSC refused to accept and recognized under it Rules 3 & 7 as not a mandated appeal but one of complete discretion for its acceptance. Despite this reality, the NHSC has maliciously refused to return Kratzenberg's $250.00 application fee for a mandated appeal by the NHSC that he never got.

The Defendants have refused to the current day to refund Kratzenberg's said $250.00 to him.

## PRAYER FOR RELIEF

The Plaintiff is seeking the following request relief from the Court —

I.      For a Declaratory Judgment that —

      A.      Declares that the Petition Clause of the First Amendment protects the Public's right to petition the Courts and is enforceable directly against judicial magistrates.

      B.      Declaring that the First and Fourteenth Amendments protect Kratzenberg and the Public's equal right and opportunity for a Universal Right to Appeal any NH court judgment to the NHSC.

.II.     For a Declaratory Judgment declaring the NHSC Rule 7 and Rule 3 facially violate Kratzenberg and the Public's First and Fourteenth Amendment equal right to a mandatory appeal by the NHSC from any court judgment

III.     For a Declaratory Judgment that the NHSC Violated Kratzenberg's Tight to Petition it for Administrative Regulations when it refused to review and act on his Universal Right to Appeal petition.

IV.     For an Order permanently enjoining the Defendants from enforcing the Discriminatory provisions of the NHSC Rules 3 & 7.

V.      For an Order requiring the Defendants to return to Kratzenberg the $250.00 filing fee he paid it for a mandatory appeal he never got.

VI.     For an Order directing the Defendants to accept for consideration Kratzenberg's Petition for a Universal Appeal Rights and to properly decide on whether to grant any of requested measures.

VI.     For an award of any other relief that the Court deems proper.

By:
      /s/ Eric Kratzenberg

      _____
      PO Box 162
      Peterborough NH 03458
      603-320-9019
      ekratz314@protonmail.me

A copy of the above document was served on the Defendants pursuant to the ECF filing system.
 /s/ Eric Kratzenberg

## ADDENDUM #1: NHSC FORM FOR A MANDATED APPEAL OF RIGHT UNDER ITS RULES 3 & 7

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**https://www.courts.nh.gov**
## RULE 7 NOTICE OF MANDATORY APPEAL

This form should be used for an appeal from a final decision on the merits issued by a superior court or circuit court <u>except</u> for a decision from: (1) a post-conviction review proceeding; (2) a proceeding involving a collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; (9) a domestic relations matter filed under RSA chapters 457 to 461-A other than an appeal from the first final order; or (10) an appeal from an order denying a motion to dismiss challenging personal jurisdiction, sufficiency of process and/or sufficiency of service of process

---

1.   COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT

_____

_____

_____

---

2.   COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

_____

_____

_____

---

| 3A.  APPEALING PARTY:  NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER. | 3B.  APPEALING PARTY'S COUNSEL:  NAME, BAR ID NUMBER, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER. |
|---|---|
| E-Mail address: _____  Telephone number: _____ | E-Mail address: _____  Telephone number: _____ |

| 4A.  OPPOSING PARTY:  NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER. | 4B.  OPPOSING PARTY'S COUNSEL:  NAME, BAR ID NUMBER, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER. |
|---|---|
| E-Mail address: _____  Telephone number: _____ | E-Mail address: _____  Telephone number: _____ |

**Case Name:** _____

**RULE 7 NOTICE OF MANDATORY APPEAL**

5.   NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

_____

_____

_____

_____

_____

_____

6.   DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING.  ATTACH OR INCLUDE COPY OF NOTICE AND DECISION.

_____

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY.  ATTACH OR INCLUDE COPY OF NOTICE AND DECISION.

_____

7.   CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

_____

_____

_____

_____

_____

_____

8.   APPELLATE DEFENDER REQUESTED?                YES or NO: _____
IF YOUR ANSWER IS YES, YOU <u>MUST</u> CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND SUBMIT A CURRENT REQUEST FOR A LAWYER FORM (FINANCIAL STATEMENT). SEE SUPREME COURT RULE 32(4).

_____

_____

9.   IS ANY PART OF CASE CONFIDENTIAL?                YES or NO: _____
IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY.
SEE SUPREME COURT RULE 12.

_____

_____

10. IF ANY PARTY IS A CORPORATION, LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

_____

_____

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?                YES or NO: _____

IF YOUR ANSWER IS YES, YOU <u>MUST</u> FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?  SEE SUPREME COURT RULE 15, COMMENT.
        YES or NO: _____

IF YOUR ANSWER IS YES, YOU <u>MUST</u> COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

**RULE 7 NOTICE OF MANDATORY APPEAL**

13. LIST SPECIFIC QUESTIONS TO BE RAISED ON APPEAL, EXPRESSED IN TERMS AND CIRCUMSTANCES OF THE CASE, BUT WITHOUT UNNECESSARY DETAIL. STATE EACH QUESTION IN A SEPARATELY NUMBERED PARAGRAPH.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14. CERTIFICATIONS

I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading. To the extent that an unpreserved issue is raised as plain error, I hereby certify that I have specifically identified that issue as plain error in section 13.

_____

Appealing Party or Counsel

I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Supreme Court Rules 5(1) and 26(2) and with Rule 18 of the Supplemental Rules of the Supreme Court.

_____                _____

Date                                                                  Appealing Party or Counsel

**RULE 7 NOTICE OF MANDATORY APPEAL**

# TRANSCRIPT ORDER FORM

INSTRUCTIONS:

1.  If a transcript is necessary for your appeal, you <u>must</u> complete this form.

2.  List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.

3.  Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed.  Do <u>not</u> send the deposit to the Supreme Court.  You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber.  Failure to pay the deposit by the deadline may result in the dismissal of your appeal.

4.  The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings.  Parties will be provided with an electronic copy of the transcript in PDF-A format.  A paper copy of the transcript may also be prepared for the court.

| PROCEEDINGS TO BE TRANSCRIBED (Please confirm dates with Trial Court) | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g.,1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | **TOTAL DEPOSIT** | **$** |

| PROCEEDINGS PREVIOUSLY TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER COMPANY | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
|  |  |  |  |  | TBD |
|  |  |  |  |  | TBD |
|  |  |  |  |  | TBD |

**NOTE:**  The deposit is an estimate of the transcript cost.  After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit.  Any amount paid as a deposit in excess of the final cost will be refunded.  The transcript will not be released to the parties until the final cost of the transcript is paid in full.

**13 July 2025 Plaintiff's Third Amended Complaint**                    14

**ADDENDUM #2: NHSC FORM FOR A DISCRETIONARY APPEAL UNDER ITS RULES 3 & 7**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**https://www.courts.nh.gov**
## RULE 7 NOTICE OF DISCRETIONARY APPEAL

This form should be used <u>only</u> for an appeal from a final decision on the merits issued by a superior court or circuit court in (1) a post-conviction review proceeding; (2) a proceeding involving the collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; (9) a domestic relations matter filed under RSA chapters 457 to 461-A, except that an appeal from the first final order should be filed on a Rule 7 Notice of Mandatory Appeal form; or (10) an appeal from an order denying a motion to dismiss challenging personal jurisdiction, sufficiency of process and/or sufficiency of service of process.

---

1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT

---

2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

---

3A. APPEALING PARTY:  NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.

E-Mail address: _____

Telephone number: _____

---

3B. APPEALING PARTY'S COUNSEL:  NAME, BAR ID NUMBER, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.

E-Mail address: _____

Telephone number: _____

---

4A. OPPOSING PARTY:  NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.

E-Mail address: _____

Telephone number: _____

---

4B. OPPOSING PARTY'S COUNSEL:  NAME, BAR ID NUMBER, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.

E-Mail address: _____

Telephone number: _____

**RULE 7 NOTICE OF DISCRETIONARY APPEAL**

5.   NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

_____

_____

_____

_____

_____

---

6.   DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING.

_____

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY.

_____

7.   CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

_____

_____

_____

_____

_____

---

8.   APPELLATE DEFENDER REQUESTED?              YES or NO: _____

IF YOUR ANSWER IS YES, YOU <u>MUST</u> CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND SUBMIT A CURRENT REQUEST FOR A LAWYER FORM (FINANCIAL STATEMENT). SEE SUPREME COURT RULE 32(4).

_____

_____

---

9.   IS ANY PART OF CASE CONFIDENTIAL?              YES or NO: _____

IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY. SEE SUPREME COURT RULE 12.

_____

_____

---

10.  IF ANY PARTY IS A CORPORATION LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

_____

_____

---

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?              YES or NO: _____

IF YOUR ANSWER IS YES, YOU <u>MUST</u> FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

---

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?  SEE SUPREME COURT RULE 15, COMMENT.
          YES or NO: _____

IF YOUR ANSWER IS YES, YOU <u>MUST</u> COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

**RULE 7 NOTICE OF DISCRETIONARY APPEAL**

13. NATURE OF CASE AND RESULT (Limit two pages double-spaced; please attach or include.)
    For this section and section 14, you may choose to use the five-page, single-spaced Additional Information Pages form. The five-page Additional Information Pages form is available on the judicial branch website: Forms - Supreme Court | New Hampshire Judicial Branch (nh.gov)

14. ISSUES ON APPEAL (Limit eight pages double-spaced; please attach or include.)
    You may choose to use the same five-page, single-spaced Additional Information Pages form identified in section 13.
    The New Hampshire Supreme Court reviews each discretionary notice of appeal and decides whether to accept the case, or some issues in the case, for appellate review. The following acceptance criteria, while neither controlling nor fully describing the court's discretion, indicate the character of the reasons that will be considered.

    1. The case raises a question of first impression, a novel question of law, an issue of broad public interest, an important state or federal constitutional matter, or an issue on which there are conflicting decisions in New Hampshire courts.
    2. The decision below conflicts with a statute or with prior decisions of this court.
    3. The decision below is erroneous, illegal, and unreasonable or was an unsustainable exercise of discretion.

    Separately number each issue you are appealing and for each issue: (a) state the issue; (b) explain why the acceptance criteria listed above support acceptance of that issue; and (c) if a ground for appeal is legal sufficiency of evidence, include a succinct statement of why the evidence is alleged to be insufficient as a matter of law.

15. ATTACHMENTS
    Attach to or include with this notice of appeal the following documents in order: (1) a copy of the trial court decision or order from which you are appealing; (2) the clerk's notice of the decision below; (3) any court order deciding a timely post-decision motion; and (4) the clerk's notice of any order deciding a timely post-decision motion.

    Do not attach or include any other documents with this notice of appeal. Any other documents you wish to submit must be included in a separate Appendix, which must have a table of contents on the cover and consecutively numbered pages.

16. CERTIFICATIONS
    I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading. To the extent that an unpreserved issue is raised as plain error, I hereby certify that I have specifically identified that issue as plain error in section 14.

    _____
    Appealing Party or Counsel

    I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Supreme Court Rules 5(1) and 26(2) and with Rule 18 of the Supplemental Rules of the Supreme Court.

_____          _____
Date                                              Appealing Party or Counsel

**RULE 7 NOTICE OF DISCRETIONARY APPEAL**

# TRANSCRIPT ORDER FORM

INSTRUCTIONS:

1.  If a transcript is necessary for your appeal, you <u>must</u> complete this form.

2.  List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.

3.  Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed.  Do <u>not</u> send the deposit to the Supreme Court.  You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber.  Failure to pay the deposit by the deadline may result in the dismissal of your appeal.

4.  The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings.  The parties will be provided with an electronic copy of the transcript in PDF-A format.  A paper copy of the transcript may also be prepared for the court.

| PROCEEDINGS TO BE TRANSCRIBED (Please confirm dates with Trial Court) | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g.,1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | X $170.00 | $ |
|  |  |  |  | **TOTAL DEPOSIT** | **$** |

| PROCEEDINGS PREVIOUSLY TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER COMPANY | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
|  |  |  |  |  | TBD |
|  |  |  |  |  | TBD |
|  |  |  |  |  | TBD |

**NOTE:**  The deposit is an estimate of the transcript cost.  After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit.  Any amount paid as a deposit in excess of the final cost will be refunded.  The transcript will not be released to the parties until the final cost of the transcript is paid in full.

**ADDENDUM #3: KRATZENBERG'S PETITION TO THE NHSC TO PROMULGATE A RULE RECOGNIZING A UNIVERSAL APPEAL RIGHT FOR ALL NH CITIZENS**

# Pro Se and Proud Associates

**Served Via Email and USPS Priority Mail**                    **20 May 2025**

To:    Gordon Macdonald, Chief Justice &
       the NHSC Advisory Committee on Rules
       New Hampshire Supreme Court
       One Charles Doe Drive, Concord, NH 03301

       NH Supreme Court's Advisory Committee on Rules
       rulescomment@courts.state.nh.us.

RE:    Petition for an Expedited Adoption of Rules Guaranteeing the Equal Right of Every
       Amerikan to Obtain Appellate Services from the NH Supreme Court Including
       Interlocutory Appeals to Protect Constitutional Rights.

Attention,

     We the undersigned are petition the NH Supreme Court (NHSC) pursuant to our rights provided by the First Amendment's Petition Clause and the New Hampshire Constitution's Part I Article 32, **FN1 & FN2 respectively**, for it to adopt rules pursuant to NHSC Rule 51 ("Our Petition"). We are seeking an EXPEDITED processing of Our Petition.

     We remind the NHSC that the NH Constitution Part I Article 10 protects the right the Citizens to take control of the government bureaucracy to effect positive change that benefits the Public by reconstructs the mandated performance and allowed boundaries of government authority stating —

> "Government being instituted for the common benefit, protection, and security, of
> the whole community, and not for the private interest or emolument of any one
> man, family, or class of men; therefore,  whenever the ends of government are
> perverted, and public liberty manifestly endangered, and all other means of
> redress are ineffectual, the people may, and of right ought to reform the old, or
> establish a new government. The doctrine of nonresistance against arbitrary

---

[1] First Amendment: "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to PETITION the Government for a redress of grievances."

[2] NH Constitution Part 1 **Article 32:** The People have a right, in an orderly and peaceable manner, to assemble and consult upon the common good, give instructions to their Representatives, and to request of the legislative body, by way of petition or remonstrance, redress of the wrongs done them, and of the grievances they suffer"

power, and oppression, is absurd, slavish, and destructive of the good and happiness of mankind."

We are claiming that the current NHSC's administrative rules in their entirety were adopted without meaningful opportunity for public comments and without any opportunity of laypersons to be members of the Advisory Committee on Rules simply because they're not benefiting from professional involvement with the NH judiciary including with the NHSC. As such and for other reasons NHSC Rules 3, 7, 8, and 9 are constitutionally infirmed and not lawfully enforceable as a matter of law.

The NH Constitution provides no authority to the NHSC to pick and choose who can obtain appellate services from it. It only authorizes administrative rules on HOW appeals will be processed and not IF they will be processed by the NHSC.

The NHSC administrative rules, especially Rules 3, 7, 8, 9 are soaked in the NHSC's false paradigmatic claim that access to its appellate services is optional and that NHSC has a discretionary authority to pick and choose who gets access to its appellate services. This attitude directly violates the Petition Clause of the First Amendment which protects the universal rights of the Public to petition the NHSC for full appellate review.

We are claiming that the erroneous assumption by the NHSC that it has discretionary authority over who can petition it for its appellate services is rooted in its hateful animus against the "Pro Se Public," the Public directly seeking its appellant services without employing the services of attorney member of the NH Bar Association.  In fact, the category of trial court cases it classifies as not entitled to any appeals are lawsuits commonly involving pro se litigants.

I.    **We Want a Rule Recognizing A Universal Right of Every Member of the Public to Obtain Access to NHSC Appellate Services for a full Review on the Merits of a Trial Court's Final Order or Judgment.**

Both the Constitution and the NH Constitution protect the right of every member of the Public to petition the NHSC to appeal decisions by judicial magistrates employed by NH superior and district trial courts and especially those decisions that violate the petitioner's constitutional rights and otherwise impose significant economic burdens on a citizen including required servile service that is injurious to him and not done to correct the citizen's unlawful past injury to another.

WE maintain it is essential to achieve a just and fair society to ensure that government employees — and especially those employed by the court and executive agencies that have the authority to make arrests and prosecute citizens for committing crimes — have their official acts against a citizen reviewed pursuant to a full appeal to the NHSC.

We our COMMANDING the NHSC to—

A.    Issue a ruling recognizing that the Public have a universal and equal right to seek appellate services from the NHSC. And ensuring an equal and non-discriminatory right to NHSC appellate services for a review on the merits of a trial courts' 1) final orders and

judgments and pursuing interlocutory appeals from trial court decisions on preliminary injunctions

B.    Revoke NHSC Rule 7 in its entirety or heavily modify it to indicate that the NHSC will accept and adjudicate any appeal on the merits from a trial court's 1) Final orders and judgments; and 2) Any interlocutory appeals of the issuance, denial or alteration of a preliminary injunction

C.    Revoke every discriminatory provision of NHSC Rules 3 & 7 that abridges and denies the equal right of every member of the Public to obtain appellate services from the NHSC as are offered currently to only certain members of the Public and specifically —

1.    Strike the text of NHSC Rule 3 that provides a definition of "Mandatory Appeal"

2.    Strike the use of the term "mandatory" from all parts of NHSC Rule 7

3.    Strike in its entirety section NHSC Rule 7(1)(B) entitled "*Other appeals from trial court decisions on the merits.*"

4.    Strike in its entirety NHSC Rule 7(6)(B).

**II.    We want seeks a Rule Recognizing the Public's the Right to an immediate interlocutory appeal of any adoption, denial or modification of a preliminary injunction by a trial court to protect NH Public's 1) constitutionally Rights and Liberties; and 2) The enforcement of environmental laws and the protection of the state's biodiversity.**

It is fundamental to a Free Republic that a citizen can obtain instant and full appellate review by the NHSC of any underlying court's order issuing, denying, or editing of any preliminary injunction sought to protect a citizen's constitutionally protected liberties.

A.    We our COMMANDING the NHSC to adopt a rule ensuring that the NHSC will fully adjudicate an interlocutory appeal of any trial court's granting, denying or modifying of a preliminary injunction and especially one sought to 1) Protect a citizens constitutionally protected liberties from acts of by the police and/or other acts government interference OR 2) Protect the environment and the state's biodiversity.

B.    We are petitioning the NHSC to REVOKE and/or REVISE all provisions of NH Superior Court Rules 8 and 9 that conflict or currently interfere any rule recognizing the Public to have the opportunity to seek an immediate interlocutory appeal of a Trial court's granting, denying, or editing of a preliminary injunction.

And specifically —

1.    **REVOKE** The first line of text in NHSC Rule 8(1) that states "The supreme court may, in its discretion, decline to accept an interlocutory appeal, or any question raised therein, from a trial court order or ruling" and **REPLACE** it with "The supreme court shall accept and fully consider any petition by a party for an immediate interlocutory appeal of

a preliminary injunction from a trial court's order that grants, denies or that modifies one."

3.     **REVOKE** NHSC Rule 8(4).

4.     **REVOKE** the text of NH Superior Court Rule 46(a) and **REPLACE** it with "Interlocutory Appeals: The Public can immediately appeal to the NHSC any granting, order denying or modifying of a preliminary injunction by a trial court"

### The Petitioner's Right to Testify before the NHSC's Advisory Committee

We are also seeking to address the Rules Advisory Committee in person at its June 2025 meeting on the merits of Our Petition to NHSC to adopt, revoke and otherwise modify it rules and sought for by Our Petition

By:

/s/ Eric Kratzenberg                 /s/ Richard Maximus Strahan

_____           _____

Eric Kratzenberg                       Richard Maximus Strahan
PO Box 162 Peterborough NH 03458      1 Brickyard Square, Suite 14 PMB 227
603-320-9019 & ekratz@protonmail.com    Epping NH 03042
                                       Pro.se.proud@proton.me