**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| ERIC KRATZENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:24-cv-00205-JL-TSM |
| ) | |
| NEW HAMPSHIRE SUPREME COURT *et al*., ) | |
| ) | |
| Defendants. ) | |

**OBJECTION TO PLAINTIFF'S**
**"PETITION FOR TH[E] COURT TO REVISE ITS JUDGMENT OF DISMISSAL AND**
**ACCEPT KRATZENBERG'S [SECOND] AMENDED COMPLAINT"**

NOW COME the Defendants, the New Hampshire Supreme Court (the "Supreme Court")
and the Honorable Gordon J. Macdonald (the "Chief Justice") (collectively, the "Defendants"), by
and through their undersigned counsel, and hereby object to the Plaintiff's "Petition for th[e] Court
to Revise its Judgment of Dismissal and Accept Kratzenberg's [Second] Amended Complaint,"[1]
and in support thereof, state as follows:

1.      By way of his First Amended Complaint, the Plaintiff alleged that the Defendants
violated his constitutional rights by declining to accept his appeal from a decision of the New
Hampshire Circuit Court denying his request for a modification of his alimony obligations in a
post-divorce domestic relations proceeding.

2.      The Defendants filed their Motion to Dismiss the First Amended Complaint on
December 2, 2024, arguing that this Court lacked subject-matter jurisdiction over the Plaintiff's
claims under the *Rooker-Feldman* doctrine.  Alternatively, the Defendants argued that dismissal

---

[1] The Plaintiff filed two identical Rule 59(e) motions with this Court on July 13, 2025.  *Compare* Pl's. Rule 59(e)
Mot. at Doc. No. 33 *with* Pl's. Rule 59(e) Mot. at Doc. No. 34.

was warranted because they are immune from suit on the basis of sovereign immunity, absolute judicial immunity, and legislative immunity.

3.      On April 30, 2025, the Magistrate Judge issued her well-reasoned Report and Recommendation, wherein she recommended that this Court dismiss the Amended Complaint in its entirety.  This Court ultimately dismissed the Amended Complaint and issued its Judgment against the Plaintiff on May 30, 2025.

4.      Now, the Plaintiff seeks to revive his claims through his "Petition for th[e] Court to Revise its Judgment of Dismissal and Accept Kratzenberg's [Second] Amended Complaint." Through this filing, the Plaintiff asks that this Court "revise" its  Judgment pursuant to Rule 59(e) and allow him to file the proposed Second Amended Complaint that he attached to his Rule 59(e) Motion.  According to the Plaintiff, this proposed Second Amended Complaint "addresse[s] the concerns expressed by the Court regarding Rooker Feldman Doctrine and Legislative Immunity." Pl's. Rule 59(e) Mot. at 2.

5.      However, relief under Rule 59(e) "is granted sparingly." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Ayab v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (citation omitted).  Instead, "[m]otions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence" that was previously unavailable.  *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

6.      Here, the Plaintiff's challenge to this Court's May 30, 2025 Order does not warrant relief under Rule 59(e).  The Plaintiff merely states that he was "flummoxed" by the Court's

decision to dismiss his claims.  Pl's. Rule 59(e) Mot. at 2.  He does not articulate any manifest error of law in the Magistrate Judge's Report and Recommendation.  The Plaintiff also fails to bring forward any new evidence to support his claims.

7.    The Plaintiff merely states that he should be able to revive his claims because his proposed Second Amended Complaint only seeks prospective relief against the Defendants "to prevent the future enforcement of NHSC 3 & 7."  This is simply not the case, as the Plaintiff still seeks "a return of the $250.00" filing fee he paid to the Supreme Court.

8.    To the extent that the proposed Second Amended Complaint seeks prospective relief, the Plaintiff's claims against the Supreme Court are still barred by the Eleventh Amendment. *See, e.g.*, *Doe v. Meyers*, No. 18-cv-1039-JD, 2019 U.S. Dist. LEXIS 146160, at \*6 (D.N.H. Aug. 28, 2019) ("A state court is a state entity for purposes of the Eleventh Amendment.").  Eleventh Amendment immunity also bars any claims against the Chief Justice in his official capacity. *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014).

9.    Nor would prospective relief be available against the Chief Justice in his personal capacity. In *Whole Woman's Health v. Jackson*, the Supreme Court of the United States confirmed that there is no exception to Eleventh Amendment immunity claims for prospective relief against state court judges.  *Id*.  As the majority observed, this conclusion flowed directly from the United States Supreme Court's statement in *Ex Parte Young* that "'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Id.* at 39 (quoting *Ex Parte Young*, 209 U.S. 123, 163 (1908)).  This is so because "[i]f a state court errs in its rulings, . . . the traditional remedy has been some form of appeal, . . . not the entry of an *ex ante* injunction preventing the state court from hearing cases." *Id.*

3

10.    Since *Whole Woman's Health* was decided, numerous federal courts have acknowledged its holding with respect to state court judges.  *See, e.g.*, *In re M.M.*, No. 21-2924, 2022 U.S. App. LEXIS 13400, at *5 (2d Cir. May 18, 2022) ("[T]he Supreme Court has recently reaffirmed that a *Young* suit may not be brought even against individual state-court *officials* such as judges and clerks."); *Bishop v. Funderburk*, No. 3:21-cv-679-MOC-DCK, 2022 U.S. Dist. LEXIS 82174, at *14 (W.D.N.C. May 6, 2022) ("*Ex Parte Young* exception, by its own express terms, does not apply to" claims against justices and clerks of North Carolina appellate courts); *see also Carroll v. Walk*, Civ. No. 23-2187, 2023 U.S. Dist. LEXIS 112696, at *11 (E.D. Pa. June 29, 2023) (recognizing that, consistent with *Whole Woman's Health*, "federal courts normally may not issue injunctions against state-court judges or clerks"); *Betts v. Brnovich*, No. CV-22-01186-PHX-JJT, 2023 U.S. Dist. LEXIS 30362, at *15-16 (D. Ariz. Feb. 22, 2023) (relying on *Whole Woman's Health* to dismiss claims brought against state court judges under *Ex Parte Young*).

11.    Furthermore, the Plaintiff's claims are totally barred by absolute judicial immunity. *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (holding that a state judge performing an adjudicatory function is immune from action under section 1983 seeking declaratory judgment that the judge's order violated the citizen's constitutional rights).  Even if this Court were to conclude that absolute judicial immunity does not apply, legislative immunity surely does.  *Forrester v. White*, 484 U.S. 219, 228–29 (1988); *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719, 731-37 (1980); *see also Cushing v. Packard*, 30 F.4th 27, 39 (1st Cir.), *cert. denied*, 143 S. Ct. 308 (2022); *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (legislative activities are absolutely immune from a suit brought under 42 U.S.C. § 1983).

12.     In all, the Plaintiff fails to articulate *any* grounds for this Court to set aside its earlier Judgment.  The Magistrate Judge's reasoning was sound and the Plaintiff has not come forward with any new facts, let alone new material facts, that could not have been discovered earlier.

WHEREFORE, the Defendants respectfully request this Court to deny the Plaintiff's Rule 59(e) motion and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

THE NEW HAMPSHIRE SUPREME COURT
and THE HONORABLE JUSTICE GORDON
J. MACDONALD

By their attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: July 25, 2025                    */s/ Christopher G. Bond*
Christopher G. Bond, Esq., Bar No. 20161
Associate Attorney General
New Hampshire Department of Justice
Civil Law Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
christopher.g.bond@doj.nh.gov

## CERTIFICATE OF SERVICE

I, Christopher G. Bond, hereby certify that on this date, I caused a true copy of the foregoing to be served by this Court's electronic filing system to all parties who have entered appearances in this case.

Dated: July 25, 2025                    */s/ Christopher G. Bond*
Christopher G. Bond, Esq.