UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


ERIC KRATZENBERG

v.                                                                                        Case No. 24-cv-205-JL-TSM

NEW HAMPSHIRE SUPREME
COURT, et al.

ORDER ON PLAINTIFF'S MOTIONS
TO ALTER OR AMEND THE JUDGMENT AND
ACCEPT PLAINTIFF'S PROPOSED AMENDED COMPLAINT

Before the court are "Plaintiff's FRCP Rules 15 & 59 Petition[s] for th[e] Court to Revise its Judgment of Dismissal and Accept Kratzenberg's Amended Complaint" (Doc. Nos. 33 & 34)[1] in which self-represented plaintiff, Eric Kratzenberg ("Kratzenberg"), asks the court to "revise its judgment of dismissal" and allow him to pursue his claims against the New Hampshire Supreme Court ("NHSC") and its Chief Justice, Gordon MacDonald (the "Chief Justice"), in accordance with a proposed amended complaint that is attached to his motions. Defendants oppose Kratzenberg's Petitions. They contend that the court should deny plaintiff's motions because Kratzenberg fails to articulate any basis for altering or amending the final judgment dismissing the case and because his proposed amended claims against them are barred by the doctrines of sovereign immunity, absolute judicial immunity, and legislative immunity. Doc. No. 35 at pgs. 2-5. For the reasons that follow, Kratzenberg's motions are denied.

---

[1] Doc. Nos. 33 and 34 include identical copies of plaintiff's Petition.

## BACKGROUND

### *Kratzenberg's Claims Against Defendants*

Kratzenberg filed his original complaint against the NHSC and the Chief Justice on July 9, 2024.  Doc. No. 1.  On November 1, 2024, defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. No. 13.  On November 22, 2024, Kratzenberg filed an Amended Complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B).[2]  Doc. No. 14.  Several days later, he filed a Corrected Amended Complaint, which became the operative complaint in this action.  Doc. No. 15.  The gravamen of Kratzenberg's claims was that the NHSC and its Chief Justice, acting in both his individual and official capacities, violated plaintiff's constitutional and state law rights by declining to accept his appeal from a divorce court's denial of his petition to modify his child support and alimony obligations in a post-divorce domestic relations proceeding.  Specifically, in Count I, Kratzenberg asserted that defendants' adoption of NHSC Rules 3 and 7, on which the NHSC relied in denying his appeal, violated his constitutional right to petition the court for appellate review.  Id. at ¶¶ 20-30.  In Count II, he alleged that New Hampshire's divorce statute violated his constitutional rights to due process and equal protection, and that the enforcement of that statute against him constituted an unconstitutional taking of his property without just compensation.  Id. at ¶¶ 32, 34.  In Count III, Kratzenberg claimed that the retroactive application of the New Hampshire divorce statute to his divorce proceedings deprived him of his rights under Article 23 of the New Hampshire Constitution.  Id. at ¶¶ 36-37.  Finally, in Count IV, Kratzenberg

---

[2] Fed. R. Civ. P. 15(a)(1)(B) permits a plaintiff to amend his complaint once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

alleged that defendants "breached [their] contract to supply him appellate review services in exchange for [the] 'filing fee.'" Id. at ¶ 39.

### *Judge Saint-Marc's Ruling on Defendants' Motion to Dismiss*

Because Kratzenberg filed his amended complaint after defendants filed their motion to dismiss the original complaint, Judge Saint-Marc denied the motion to dismiss without prejudice, and directed defendants to respond to the Corrected Amended Complaint "as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a)." Doc. No. 21 (quoting LR 15.1(c)).³ On December 2, 2024, defendants filed a motion to dismiss the Corrected Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. No. 19. Therein, defendants argued that dismissal of Kratzenberg's claims was warranted because the court lacked subject matter jurisdiction under the Rooker-Feldman doctrine, which "precludes federal jurisdiction over a challenge to a state court judgment to which the challenger was a party." Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009). They also argued that even if subject matter jurisdiction existed, Kratzenberg's claims were barred by the doctrines of sovereign immunity, absolute judicial immunity, and legislative immunity. Doc. No. 19 at ¶ 7; Doc. No. 19-1 at pgs. 7-10.

On April 30, 2025, Judge Saint-Marc issued a Report and Recommendation ("R&R") in which she recommended that the court grant defendants' motion. Doc. No. 26. As further detailed in the R&R, Judge Saint-Marc determined that the claims contained in Counts II and III of the Corrected Amended Complaint fell "easily within the scope of the Rooker-Feldman doctrine" because they involved collateral attacks on a state court judgment to which Kratzenberg was a

---

³ Local Rule 15.1(c) provides that "[w]hen a plaintiff files an amended complaint as of right . . . after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P 15(a).

3

party. Id. at pgs. 9-11. Accordingly, Judge Saint-Marc concluded that the court lacked jurisdiction over those claims, and that Counts II and III should be dismissed. See id. Judge Saint-Marc also determined that sovereign immunity, absolute judicial immunity, and legislative immunity barred all of the claims asserted against the NHSC and the Chief Justice in Count I of the Corrected Amended Complaint. Id. at pgs. 13-19. Therefore, she recommended that defendants' motion to dismiss Count I be granted in its entirety. See id. Finally, Judge Saint-Marc recommended that defendants' motion to dismiss be allowed with respect to the breach of contract claim set forth in Count IV of the Corrected Amended Complaint. Id. at pgs. 19-20. Specifically, Judge Saint-Marc reasoned that under the relevant First Circuit authority, if a district court dismisses all claims over which it had original jurisdiction, it should ordinarily decline to exercise supplemental jurisdiction over any supplemental state law claims. See id. Because the court's jurisdiction was based on a federal question, Judge Saint-March concluded that Kratzenberg's federal claims should be dismissed, and the case was still in its early stages, Judge Saint-Marc recommended that the court decline to exercise supplemental jurisdiction over the remaining breach of contract claim. Id. at pg. 20.

### *Approval of the R&R and Issuance of Final Judgment*

Kratzenberg objected to the R&R. Doc. No. 28. In his objection, Kratzenberg challenged Judge Saint-Marc's application of sovereign and legislative immunity to Count I of the Corrected Amended Complaint. Id. at pgs. 1-3. He also challenged her reliance on the Rooker-Feldman doctrine to recommend dismissal of Counts II and III. Id. at pgs. 3-5. However, on May 30, 2025, following due consideration of plaintiff's objection, this court approved the R&R. Doc. No. 30. The Clerk of Court then entered a final Judgment in favor of defendants, thereby dismissing the

case.  Doc. No. 31.  Kratzenberg did not appeal from the entry of the judgment.  Instead, he filed the instant motion to revise the judgment and accept his amended complaint.

## LEGAL STANDARD

Kratzenberg brings his present motion under Rules 15 and 59 of the Federal Rules of Civil Procedure.  "Ordinarily, Rule 15(a) governs a motion to amend a complaint."  Fisher v. Kadant, Inc., 589 F.3d 505, 508 (1st Cir. 2009).  The Rule provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "If, however, a motion to amend is filed *after* the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside."  Fisher, 589 F.3d at 508 (emphasis in original).  The rationale for this restriction is readily apparent: "once judgment has entered, the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to amend."  Id. at 509.  Unless Kratzenberg is able to show that he is entitled to postjudgment relief, this court lacks the power to grant his request to amend his complaint.  See id. ("Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a)." (quotations and citation omitted)).

Kratzenberg seeks postjudgment relief pursuant to Fed. R. Civ. P. 59.  Under subsection (e) of that Rule, "a party may seek to have the court alter or amend a judgment."  United States v. DeMauro, 540 F. Supp.3d 157, 162 (D.N.H. 2021).  "The purpose of Rule[ ] . . . 59(e) is to allow the court to correct or amend a judgment in the event of any manifest errors of law or newly discovered evidence."  Perrier-Bilbo v. United States, 954 F.3d 413, 435 (1st Cir. 2020).  To prevail on a Rule 59(e) motion, the moving party must show an intervening change in the law, a manifest error of law or fact underlying the judgment, newly discovered evidence that could not have been produced before the court entered judgment, or manifest injustice if the motion is denied.  See

Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). "Rule 59(e) relief, however, is 'an extraordinary remedy' that courts grant 'sparingly.'" DeMauro, 540 F. Supp.3d at 162 (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Id. (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). "Nor does it 'provide a vehicle for a party to undo its own procedural failures' or to 'advance new arguments that could or should have been presented to the district court prior to judgment.'" Id. (quoting Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006)).

**DISCUSSION**

In support of his motion to revise the judgment and amend his complaint, Kratzenberg asserts that the final Judgment provided no explanation for the court's decision to dismiss all his claims, and that he "was flummoxed" by the outcome of the case after he explained to the court in his opposition to the R&R that he "sought no appeal of a state[ ] court's judgments" and was "only seeking prospective injunctive relief[.]" Doc. No. 33 at pgs. 1-2. He further contends that his proposed amended complaint addresses the court's concerns regarding the Rooker-Feldman doctrine and legislative immunity by eliminating certain claims and limiting his request for relief. Id. at pg. 2. In particular, Kratzenberg emphasizes that in his proposed amended complaint, he drops all of his claims relating to the New Hampshire divorce statute. Id. He also points out that he is "only seeking prospective injunctive relief against the [NHSC] and its Chief Justice[ ] to prevent the . . . future enforcement of NHSC Rules 3 & 7[.]" Id.

6

Defendants contend that the court should deny Kratzenberg's effort to revive his case against them. As an initial matter, defendants argue that plaintiff's challenge to the court's Judgment does not warrant relief under Rule 59(e) because Kratzenberg fails to articulate any manifest error of law in the R&R or present any new evidence to support his claims. Doc. No. 35 at pgs. 2-3. They also argue that to the extent plaintiff's proposed amended complaint seeks prospective relief, his claims are still barred by the doctrines of sovereign immunity, absolute judicial immunity, and legislative immunity. Id. at pgs. 3-4. In short, defendants contend that the motion to revise the judgment and accept the proposed amended complaint must be denied because "Plaintiff fails to articulate *any* grounds for this Court to set aside its earlier Judgment" and even if he articulated such grounds, his proposed amended claims are futile. See id. at pgs. 3-5 (emphasis in original).

I.   **Post-Judgment Relief Under Fed. R. Civ. P. 59(e)**

The court finds that Kratzenberg fails to provide any basis to justify the "extraordinary remedy" of relief under Rule 59(e). See DeMauro, 540 F. Supp.3d at 162 (quotations and citation omitted). In his motion, Kratzenberg makes no attempt to argue, much less demonstrate, the existence of a manifest error of law or fact in Judge Saint-Marc's R&R. Nor does he describe an intervening change in the law or articulate any other basis for altering, amending, or setting aside the Judgment. Notably, Kratzenberg does not point to any specific section of the R&R with which he takes issue. See Doc. No. 33 at pgs. 1-2; Doc. No. 34 at pgs. 1-2. Additionally, he fails to highlight any specific facts or cite any case law that would undermine Judge Saint-Marc's analysis. See id.

To the extent Kratzenberg argues that the Judgment was unjust because it "did not provide any explanation on why it dismissed all [his] Complaint's claims[,]" Doc. No. 33 at pg. 1, his

7

argument is unpersuasive. The Judgment was based on the court's approval of the R&R, which provided a detailed explanation for Judge Saint-Marc's recommendation to grant defendants' motion to dismiss. In other words, the R&R described the basis for the final Judgment dismissing Kratzenberg's claims.

To the extent Kratzenberg suggests that the Judgment was erroneous because he was "only seeking prospective injunctive relief[,]" Doc. No. 33 at pgs. 1-2, this argument is similarly insufficient to warrant relief under Rule 59(e). In his objection to the R&R, Kratzenberg challenged the dismissal of Count I of his Amended Complaint on the grounds that "[t]he *Ex Parte Young* doctrine allows suits for declaratory judgments and prospective injunctive relief that are otherwise barred by sovereign and legislative immunity[,] and that he was "seeking declaratory relief and an injunction to enjoin the Defendants' ongoing enforcement" of NHSC Rules 3 and 7. Doc. No. 28 at pgs. 1-2. In other words, Kratzenberg made the same argument in his objection to the R&R that he makes in his present motion. This court considered and rejected that argument when it approved the R&R. See Doc. No. 30 (approving Judge Saint-Marc's R&R "[a]fter due consideration of the objection filed"). "[A] motion to alter or amend is not 'a mechanism to regurgitate old arguments previously considered and rejected.'" Ing v. Tufts Univ., 81 F.4th 77, 85-86 (1st Cir. 2023) (internal quotation marks omitted) (quoting Biltcliffe, 772 F.3d at 930). Therefore, Kratzenberg's assertion that he only seeks injunctive relief presents no grounds for altering, amending, or setting aside the Judgment dismissing his case, and his motion to revise the judgment is denied.

**II.     Motion to Amend the Complaint**

It is black letter law that "[u]nless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a)." Fisher, 589 F.3d at 509

(quoting Acevedo-Villalobos v. Hernández, 22 F.3d 384, 389 (1st Cir. 1994)). "As long as the judgment remains in effect, Rule 15(a) is inapposite." Id. at 508-09. Because Kratzenberg fails to establish that he is entitled to postjudgment relief under Rule 59(e), his request to amend his complaint must be denied.

## CONCLUSION

For all the reasons detailed herein, "Plaintiff's FRCP Rules 15 and 59 Petition[s] for th[e] Court to Revise its Judgment of Dismissal and Accept Kratzenberg's Amended Complaint" (Doc. Nos. 33 and 34) are denied.

_____
Joseph N. Laplante
United States District Judge

October 23, 2025

cc:   Eric Kratzenberg, pro se
      Counsel of record